594 So.2d 843 (1992)
Linda A. ALFORD, Appellant/Cross-Appellee,
v.
Harry L. ALFORD, Appellee/Cross-Appellant.
No. 91-135.
District Court of Appeal of Florida, Fifth District.
February 28, 1992.
Judith E. Atkin, Melbourne, for appellant/cross-appellee.
Lisa D. Kahn, Melbourne, for appellee/cross-appellant.
GOSHORN, Chief Judge.
Linda Alford appeals from the final judgment terminating her alimony. We affirm the termination of alimony but reverse that part of the trial court's order refusing to make the termination retroactive to the date the supplemental petition for modification was filed.
Linda and Harry Alford, after advice of counsel, entered into a settlement agreement providing that Harry would pay Linda permanent alimony which would terminate if Linda were to remarry or cohabit with a person of the opposite sex. This agreement was incorporated into the final judgment of dissolution. On February 5, 1990, Harry filed a supplemental petition *844 for modification and alleged that Linda's alimony should end because she was cohabiting with John Rademaker. After the hearing on Harry's petition, the trial court terminated Linda's alimony effective on the date of the hearing.
On appeal, Linda does not contest that the evidence established that she began cohabiting with Mr. Rademaker several months before Harry filed his petition, that she freely and voluntarily entered into the separation agreement, and that she knew the contractual consequences of her cohabitation. Linda also acknowledges that separation agreements are construed under contract law. See Kenyon v. Kenyon, 496 So.2d 839 (Fla. 2d DCA 1986), review denied, 506 So.2d 1042 (Fla. 1987). Nevertheless, Linda contends that the cohabitation clause in the separation agreement is unenforceable on two alternative grounds: that the clause violates public policy or that the clause conflicts with the "non-interference" clause in the same agreement. We find no merit in either contention.
First, we find no public policy in Florida favoring cohabitation. To the contrary, section 798.02, Florida Statutes (1991) declares such conduct to be criminal and classifies it as a second degree misdemeanor. Second, we agree with the trial judge that no conflict exists between the clause which terminates Linda's alimony upon her cohabitation and the non-interference clause which provides the following:
SEPARATION: From and after the date hereof, the parties may live separate and apart and neither party shall in any way molest or otherwise interfere with the other at his or her place of business or residence, and each party will be entitled to conduct his or her personal affairs as if not married to the other.
Certainly, Linda was free to live without interference from Harry. However, this non-interference clause does not relieve Linda from the contractual consequences of her choice to cohabit with Mr. Rademaker.
Linda also contends that the trial court erred in failing to award her attorney's fees even though the final judgment, in lieu of attorney's fees, allowed her to retain the $11,000 in alimony that she had received from the date Harry filed his petition to terminate Linda's alimony to the date of the final hearing. We find that Linda's argument for attorney's fees must fail because she never pled entitlement to such fees as required by Stockman v. Downs, 573 So.2d 835 (Fla. 1991). See also Broyles v. Broyles, 573 So.2d 357, 361 (Fla. 5th DCA 1990); Kratzer v. Reimiller, 552 So.2d 1188, 1189 (Fla. 5th DCA 1989) ("Whether this failure to plead for alimony and attorney's fees was intentional or negligent is of no matter. It is wrong to give what is not properly pleaded."). Furthermore, the facts of this case do not fall within the exceptions recognized in Stockman.
Additionally, Harry cross-appeals from the trial court's decision to terminate Linda's right to alimony on the date of the hearing rather than on the date he filed his petition. In Perdue v. Perdue, 506 So.2d 72, 73 (Fla. 5th DCA 1987), this court found that the trial court erred in not making an increase in alimony retroactive to the date that the petition for modification was filed when the wife's needs and the husband's ability to pay were continuously present from that time. Similarly, a termination in alimony should be effective on the date of the filing of the petition for modification when the basis for termination exists on the date of the filing. Since Linda's cohabitation in the instant case existed on the date Harry filed his petition for modification, we find error in allowing Linda to keep the alimony payments made in the interim between the petition and the final hearing. Accordingly, we remand the cause to the trial court with instructions to terminate the alimony on the date of the filing of the petition for modification.
AFFIRMED in part, REVERSED in part, REMANDED with instructions.
COWART and PETERSON, JJ., concur.