607 So.2d 510 (1992)
Cynthia HODGE, Appellant,
v.
G. Byron HODGE, Appellee.
No. 92-1214.
District Court of Appeal of Florida, Fifth District.
November 13, 1992.
*511 Tanya M. Plaut of Law Offices of Tanya M. Plaut, P.A., Orlando, for appellant.
Paul D. Newnum of Giles & Robinson, P.A., Orlando, for appellee.
COBB, Judge.
The appellant, Cynthia Hodge, appeals the amount awarded by the trial court in regard to temporary alimony and attorney's fees.
As to temporary alimony, we find there was clear evidence from which the trial court could have based an award of $3,000.00 per month. However, the temporary award should have been made retroactive to the time when the petition for such temporary assistance was filed since it appears that the needs existed and the husband had the ability to pay continuously since the time of filing. Alford v. Alford, 594 So.2d 843, 844 (Fla. 5th DCA 1992); Witcher v. Petty, 534 So.2d 1240 (Fla. 5th DCA 1988); Perdue v. Perdue, 506 So.2d 72, 73 (Fla. 5th DCA 1987). Additionally, we hold that the trial court did not err in awarding the appellant $5,000.00 in temporary attorney's fees pursuant to section 61.16, Florida Statutes (1991). Chapter 61 specifically allows a party to seek attorney's fees, suit money, and costs from time to time as is necessary during proceedings under this chapter. Nichols v. Nichols, 519 So.2d 620 (Fla. 1988).
Accordingly, the order on temporary matters is reversed to the extent that the trial court, on remand, is instructed to make the award of temporary alimony retroactive to the date of filing the counterpetition. In all other respects the order is affirmed.
REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.
COWART and DIAMANTIS, JJ., concur.