634 So.2d 1111 (1994)
Frank J. LAVELLE, Appellant,
v.
Martha LAVELLE, Appellee.
No. 93-02113.
District Court of Appeal of Florida, Second District.
April 6, 1994.
*1112 Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for appellant.
James A. Obesco of Wallace, Finck, Boake & Colclough, St. Petersburg, for appellee.
BLUE, Judge.
Frank J. Lavelle, the husband, appeals the financial terms of a final judgment terminating his 45-year marriage to Martha Lavelle. He contends the trial court unequally distributed the marital assets without factual findings to support the distribution, failed to distribute all of the marital assets and, based on the equitable distribution, improperly awarded permanent periodic alimony to the wife. Because we agree with each of these contentions, we reverse and remand this case to the trial court for further proceedings.
The parties are both in their seventies and in poor health. The wife was a homemaker for all but the first few years of the marriage and assumed primary responsibility for the rearing of the parties' two children. The husband was a "workaholic" who traveled extensively, providing for his family financially but leaving the domestic responsibilities to the wife.
Much of the wife's trial testimony related to suspicions of philandering by the husband. Although this testimony appeared to be the focal point of the trial, the trial court made no findings of adultery or dissipation of marital assets as a result of adulterous conduct. There was also evidence of $31,000 in legal fees spent by the husband to defend an earlier criminal charge stemming from his job. Again the trial court made no findings on this issue. While the general lack of factual findings was error, we cannot say that the error resulted from the court's silence on these two issues because they do not appear to support the court's disparate distribution.
In the equitable distribution, the trial court awarded each party a motor vehicle, one-half of the husband's pension accrued during the marriage, and one-half of four limited partnerships. The court then awarded approximately $305,374 of investments to the wife and approximately $109,381 of investments to the husband. The wife also received the marital home valued at $134,500 as lump sum alimony and $75 per week in permanent periodic alimony. No provision was made for the distribution of the household furnishings, the wife's jewelry, or a jointly owned land trust. For the following reasons, we conclude the trial court erred.
First, the trial court is required to include in the final judgment written findings setting forth the rationale for the distribution of marital assets. § 61.075(3), Fla. Stat. (1991); Strickland v. Strickland, 567 So.2d 525 (Fla. 2d DCA 1990). In the absence of equitable factors compelling a different result, the division of marital assets should be substantially equal. Robertson v. Robertson, 593 So.2d 491 (Fla. 1991). Here the distribution of assets is clearly unequal, but there are no findings to support the disparity. On remand, the trial court should reconsider the equitable distribution and either provide a legally sufficient factual basis or provide a more equal division of marital assets.
Second, the trial court is required to establish values and award all marital assets as part of the equitable distribution. Macaluso v. Macaluso, 523 So.2d 615 (Fla. 2d DCA), review denied, 531 So.2d 1354 (Fla. 1988). Before reaching an impasse in court-ordered mediation, the parties settled the distribution of a majority of the household furnishings. This signed settlement was filed with the court. We are unable to tell from the record if this property was distributed as agreed or if it remains in the wife's sole possession. On remand, the court should establish values for and distribute the *1113 household furnishings, the wife's jewelry, and the Egret Cove Land Trust.
Finally, although the award of alimony appears unjustified based on the current distribution scheme, the trial court may again consider alimony after distribution of all the marital assets and reconsideration of the equitable distribution.
Reversed and remanded for further proceedings consistent with this opinion.
PARKER, A.C.J., and FULMER, J., concur.