PER CURIAM.
The former wife appeals a post-dissolution order deciding motions concerning financial issues between the parties. We find error only in the trial court’s rulings on rehabilitative alimony payments and the attorney’s fee award to the former wife. We therefore reverse the order as to those rulings but affirm the remainder of the order.
*478 The trial court abused its discretion in determining that the former wife's rehabilitative alimony award terminated on the date of the filing of the former husband’s March 1993 modification petition. The court should have ordered the husband’s obligation terminated in July 1993, when the trial court determined that the wife was no longer entitled to the award. See Alford v. Alford, 594 So.2d 843, 844 (Fla. 5th DCA 1992) (“[A] termination of alimony should be effective on the date of the filing of the petition for modification when the basis for termination exists on the date of filing.”). In addition, the trial court erred in denying the wife’s motion for attorney’s fees in light of the parties’ disparate financial resources and the husband’s superior earning ability. Canakaris v. Cacnakaris, 382 So.2d 1197 (Fla.1980); Montante v. Montante, 627 So.2d 554 (Fla. 4th DCA 1993); § 61.16, Fla.Stat. (1993).
Affirmed in part; reversed in part; and cause remanded.