687 So.2d 987 (1997)
Mark D. SCHELLHAMMER, Appellant/Cross-Appellee,
v.
Audrey Marie SCHELLHAMMER, Appellee/Cross-Appellant.
No. 96-1013.
District Court of Appeal of Florida, Fifth District.
February 21, 1997.
*988 Michael Sigman, Orlando, for Appellant/Cross-Appellee.
Kenneth D. Morse of Subin, Rosenbluth, Losey, Brennan, Bittman & Morse, P.A., Orlando, for Appellee/Cross-Appellant.
ANTOON, Judge.
Mark Schellhammer (husband) appeals, and Audrey Schellhammer (wife) cross-appeals, the final dissolution judgment entered in this matter. We affirm the trial court's awards of alimony, child support, and attorney's fees, but reverse the property distribution.
The parties were married in 1981 and separated in 1994. Four children were born during the marriage, and the wife has been the primary caretaker. The husband is an orthopedic surgeon and he earns a substantial income. The wife is well-educated but has no recent work experience because, pursuant to an agreement with the husband, she has foregone employment to remain at home with the children.
The final judgment includes findings of fact which are supported by the record evidence. In this regard, the findings are sufficient to support the trial court's award of permanent alimony to the wife. The husband argues that the award of permanent alimony was improper because he has a degenerative disease which he expects will cause his earning capacity to diminish in the future. Notwithstanding the husband's argument, it was proper for the trial court to base its decision regarding alimony on the circumstances that existed at the time of the dissolution. See Winn v. Winn, 669 So.2d 1155 (Fla. 5th DCA 1996). Any substantial change in the husband's future earning capacity can be addressed by modification proceedings. Accordingly, we affirm the alimony award. Moore v. Moore, 543 So.2d 252 (Fla. 5th DCA 1989). However, the final judgment does not provide that the award of permanent alimony must terminate upon the death of either of the parties or upon the remarriage of the wife. We modify the final judgment to include this limiting language. See Hunt v. Hunt, 481 So.2d 995 (Fla. 5th DCA 1986).
The husband also contends that his actual child support obligation exceeds the child support guidelines set forth in section 61.30, Florida Statutes (1995), because the trial court failed to include in its calculation the amounts he is required to pay for medical *989 insurance for the children. This claim of error lacks merit because the record does not contain any evidence that the husband was paying for any insurance. However, the final judgment also includes a provision that the husband must pay one-half of "all noncovered elective and nonelective medical expenses for the children." In our view, such broad language is improper because it could compel a noncustodial parent to pay for elective medical care and at the same time deprive that parent from having any input with regard to such medical care. In fact, such language could require a parent to pay for elective medical care that the parent believes is not in the child's best interest or perhaps even harmful to the child. Moreover, the provision exposes the parent to an open-ended obligation to pay for elective medical expenses without regard to the parent's ability to pay. See McDaniel v. McDaniel, 653 So.2d 1076 (Fla. 5th DCA 1995). Accordingly, we modify this provision to provide that the husband will not be responsible for noncovered elective medical expenses without his express agreement or an order of the court.
The husband also challenges the trial court's distribution of the parties' assets and liabilities, arguing that the distribution of the parties' liabilities is not equitable. Notably, in her cross appeal, the wife also challenges the trial court's distribution scheme as being unequal and unfair. While an unequal distribution of marital assets is not prohibited, the trial court is required to make findings of fact supporting such a distribution. See Herrera v. Herrera, 673 So.2d 143 (Fla. 5th DCA 1996). Here, since the final judgment fails to set forth findings explaining the unequal distribution, we must reverse and remand this portion of the final judgment to the trial court with directions to either equally distribute the marital assets or to make findings supporting an unequal distribution.
The wife has also challenged the trial court's ruling denying her request for retroactive alimony. We agree that the alimony award should have been entered retroactively since the trial testimony established both the wife's need for alimony and the husband's ability to pay alimony. See Hodge v. Hodge, 607 So.2d 510 (Fla. 5th DCA 1992). In this regard, the uncontroverted evidence established that, during the pendency of these proceedings, the husband was able to earn in excess of $36,000 moonlighting for other medical practices. At the same time, however, the husband was also paying the mortgage on the parties' marital home. Accordingly, in entering an order for retroactive alimony, the trial court should give the husband credit for the sums which he has paid towards the parties' mortgage during the pendency of these dissolution proceedings. We direct that this be done on remand.
AFFIRMED in part; REVERSED in part; and REMANDED.
COBB, J., and ORFINGER, M., Senior Judge, concur.