ON MOTION FOR REHEARING

MARRA, KENNETH A., Associate Judge.
We grant appellee’s motion for rehearing, withdraw our opinion filed on September 26, 2001 and substitute the following opinion.
Appellant, Shari LaSala (the Wife), appeals the final judgment entered below which dissolved her marriage to the Appel-lee, Christopher LaSala (the Husband). Because we agree with the Wife that the trial court erred in calculating the Husband’s net income, we reverse the final judgment and remand for further proceedings to reconsider the questions of alimony, child support, and attorney’s fees.
The parties were married on December 5, 1982. One minor child was born of the marriage. The parties finally separated in February of 1997. In February of 1999, the Wife filed a petition for dissolution of marriage.
The Husband is an insurance agent who owns his own insurance business. As an insurance agent, the Husband’s primary source of income is derived from commissions on the sale of new insurance policies. The Husband also derives income from commissions generated when an insurance policy previously sold by him is renewed by the insured (“renewal commissions”). The Husband’s actual net business earnings for the years 1997 through 1999 averaged $194,000.00 per year. However, the trial court found the Husband’s income for purposes of determining alimony was $109,800.00 per year. The court arrived at this figure by excluding from the Husband’s income earnings derived from the sale of viatical insurance products. The basis for the trial court’s exclusion of this income was testimony suggesting that the future market for such products was tenuous. The evidence demonstrated that: (1) viatical insurance products are still being sold; (2) there is no legal prohibition to engaging in the sale of such products; (3) there was nothing to indicate that the Husband could no longer sell such products, and (4) the Husband never affirmatively stated he would not continue to sell such products. Additionally, the evidence demonstrated that the Husband reasonably expected to generate $42,000.00 a year in income derived from renewal commissions. The trial court also excluded this element of the Husband’s income from the figure it used to calculate the Husband’s alimony obligation. The trial court reasoned that it could not consider such income both as a *604 source for payment of alimony and as an asset for equitable distribution. The trial court determined that it would consider the renewal income as part of the valuation of the Husband’s business, and not as part of his net income. The Wife appealed the trial court’s assessment of the husband’s income.
It is well settled that alimony awards should be based upon current existing circumstances and not on possibilities likely but not yet realized. If future events provide a substantial change of circumstances, modification is the appropriate procedure to follow. Schellhammer v. Schellhammer, 687 So.2d 987, 988 (Fla. 5th DCA 1997) (trial court correctly rejected husband’s request to reduce alimony obligation due to a degenerative disease which was expected to diminish his income in the future); Hollinger v. Hollinger, 684 So.2d 286, 288 (Fla. 3d DCA 1996)(trial court correctly rejected husband’s request to reduce income based upon contemplated future loss of income currently being received); McLean v. McLean, 652 So.2d 1178, 1180-81 (Fla. 2d DCA 1995)(error to reduce medical doctor’s income based upon potential for reduced income due to health and emotional difficulties). The circumstances that existed at the time of the present dissolution demonstrated that the Husband had been generating income from the sale of viatical insurance products. The Husband is not legally prohibited from continuing to do so, and he never affirmatively indicated he would cease such sales. Under these circumstances, the trial court erred in failing to calculate the Husband’s income based upon existing circumstances. If in the future there is a substantial change in the Husband’s circumstances, he may initiate a modification proceeding.[1]
The trial court also erred in excluding approximately $42,000.00 per year in renewal commission income from the Husband’s earnings. The valuation of the Husband’s business relied upon by the trial court in fashioning a plan of equitable distribution did not include the value of the income stream attributable to renewal commissions. As a result, the renewal commission income stream was eliminated both as an asset for purposes of equitable distribution and as a source of income for purposes of determining support. Since the trial’ court failed to include the $42,000.00 renewal commission income as an aspect of income, the trial court erred.
In view of the foregoing, the final judgment is reversed. Upon remand, the trial court is directed to recalculate the Husband’s income for purposes of determining alimony and child support by considering the Husband’s historical income derived from viatical insurance products sales and renewal commissions in conjunction with the existing circumstances of the parties. Since this recalculation may materially change the parties’ ability to pay attorney’s fees, the lower court’s order regarding attorney’s fees must also be revisited upon remand. Segall v. Segall, 708 So.2d 983 (Fla. 4th DCA 1998). This case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED.
POLEN, C.J., and STONE, J., concur.

. Even assuming the Husband had discontinued the sale of viatical insurance products, the time he had devoted to those sales would be directed to the sale of other insurance products. Under such circumstances, the trial court should attempt to impute income to the Husband which would be expected to replace the viatical sales income deducted from his earnings.