816 So.2d 1259 (2002)
David W. NIEBOER, Appellant,
v.
Rebecca NIEBOER, Appellee.
No. 2D01-2271.
District Court of Appeal of Florida, Second District.
June 5, 2002.
*1260 Nicholas L. Ottaviano, Tarpon Springs, for Appellant.
No appearance, for Appellee.
ALTENBERND, Judge.
David W. Nieboer ("the Husband") appeals the final judgment of dissolution of his marriage to Rebecca Nieboer ("the Wife"). Because the final judgment does not contain factual findings to support the court's determinations awarding the Wife permanent periodic alimony and distributing assets and liabilities, we reverse and remand for further proceedings.
The Nieboers were married for approximately eight and one-half years before their separation in April 1999. There were no children born of the marriage. At the time of dissolution, the Wife was 43 years old and the Husband was 54 years old. In 1997, the Wife suffered a brain aneurysm and became 100% disabled. She continues in this condition and receives social security disability benefits. Before becoming ill, the Wife owned her own cleaning business. The Husband worked as a juvenile justice officer supervisor throughout the marriage.
During the final hearing for dissolution of marriage, alimony and distribution of assets were the primary issues between the parties. There was conflicting testimony regarding the parties' assets and the debts incurred during the marriage and after separation.[1]
With respect to alimony, there was evidence that the Husband had been earning about $50,000 per year near the end of the marriage. The Husband was essentially forced to retire. He obtained other employment in Florida at a reduced salary, but he voluntarily terminated this employment, moved to Michigan, and was unemployed at the time of the final hearing. The trial court awarded the Wife $800 per month in permanent periodic alimony, apparently imputing income to the Husband, but made no factual findings about the amount and source of the imputed income in its final judgment. See, e.g., Cooper v. Cooper, 639 So.2d 153 (Fla. 2d DCA 1994); Woodard v. Woodard, 634 So.2d 782 (Fla. 5th DCA 1994). The Husband filed a motion for rehearing seeking the necessary findings, but the motion was denied. Therefore, we reverse the final judgment. On remand, the trial court may still impute income to the Husband if it can provide *1261 appropriate findings concerning the basis for imputing income and the amount imputed.
At the time of the final hearing, the parties did not have many assets that remained to be distributed. The judgment appears to adequately address those assets. However, the couple also had liabilities totaling about $60,000. It is unclear what portion of these liabilities accrued during the marriage and what portion accrued after the parties separated. The court ordered the Husband to pay a $30,000 marital debt as well as all other joint or marital credit card debt incurred before the parties' separation. Each party was responsible for the credit card expenses incurred after the parties' separation.
Section 61.075(3)(b), (c), Florida Statutes (1999), requires a court to identify marital assets and liabilities, and to designate which spouse shall be entitled to each asset and which spouse shall be responsible for each liability. In distributing marital assets and liabilities, section 61.075 requires that a trial court begin with the premise that the distribution be equal, unless there is justification for an unequal distribution. See also Prest v. Tracy, 749 So.2d 538 (Fla. 2d DCA 2000). At least when requested by the parties, the trial court must set forth its basis for distributing marital assets and liabilities in its final judgment whether the distribution is equal or unequal. § 61.075(3); Lavelle v. Lavelle, 634 So.2d 1111 (Fla. 2d DCA 1994).
In this case, the distribution of liabilities appears unequal in favor of the Wife. The trial court's findings do not satisfy the requirements of section 61.075. Thus, we cannot determine which liabilities were incurred jointly and which were incurred individually after separation. Without this information, which the Husband requested, we cannot adequately review and determine whether the distribution was equitable. Cook v. Cook, 714 So.2d 1158, 1158-59 (Fla. 5th DCA 1998); Keaton v. Keaton, 634 So.2d 798, 799 (Fla. 4th DCA 1994). Accordingly, we reverse and remand so that the trial court can make the appropriate findings.
Reversed and remanded for further proceedings.
BLUE, C.J., and SILBERMAN, J., Concur.
NOTES
[1] Our record does not include a transcript of the second portion of the final hearing held on November 13, 2000. However, this opinion deals with the insufficiency of the final judgment, and therefore, we do not need the second portion of that transcript to make our determination.