886 So.2d 999 (2004)
Jonathan L. ALPERT, Appellant,
v.
Jo Elizabeth L. ALPERT, a/k/a Elizabeth L. Alpert, Appellee.
No. 2D03-1297.
District Court of Appeal of Florida, Second District.
October 15, 2004.
Rehearing Denied November 17, 2004.
*1000 Joseph J. Registrato, Tampa, and David F. Petrano, Clearwater, for appellant.
Jonathan L. Alpert, pro se.
Stanford R. Solomon and Hallie S. Evans of The Solomon Tropp Law Group, P.A., Tampa, for appellee.
WALLACE, Judge.
Jonathan L. Alpert (the Husband) raises multiple challenges to the provisions of the final judgment that dissolved his marriage to Jo Elizabeth L. Alpert (the Wife). There is no cross-appeal. Three issues warrant discussion.

ALIMONY
The parties were married for twenty-three years and had two children. The children have reached the age of majority. During most of the marriage, the Wife did not work outside the home. Instead, she devoted her efforts to raising the children and assisting the Husband in his career. The Husband does not dispute that this was an appropriate case for an award of permanent periodic alimony, but he claims that the amount awarded was excessive.
The Husband has enjoyed a career as a highly successful and prosperous attorney. The Husband worked at one of the large Tampa law firms and eventually left to open his own law office in Tampa. Since that time, the Husband has been the controlling shareholder of his own law firm. In addition to practicing law, the Husband has written and lectured on a wide variety of legal topics.
The Husband's law firm has handled a number of high profile cases. Contingent fee cases have been the mainstay of the practice. Therefore, the Husband's income has fluctuated from year to year. Nevertheless, the Husband's income has been substantial, occasionally exceeding one million dollars annually. The parties have enjoyed an affluent lifestyle.
*1001 The trial court accepted calculations prepared by the Husband's expert estimating the Wife's after-tax need at $8986 per month. The trial court also found that the Husband had the capacity to earn a minimum of $400,000 per year. The trial court based this finding on the earnings the Husband "has historically made and an imputation of income to him in the future." The trial court ordered the Husband to pay the Wife permanent periodic alimony of $11,892 per month (pre-tax) to meet the Wife's need of $8986 per month (after-tax). The trial court further ordered that the permanent periodic alimony would be reduced after the first year to $8975.33 per month (pre-tax) based upon the trial court's additional finding that the Wife would be capable of contributing $35,000 annually to her own support after one year by working in public relations. The Husband contends that the trial court's imputation to him of $400,000 annually is not supported by the evidence presented at trial or by adequate findings in the final judgment.
We review a trial court order imputing income to one of the parties based on a competent, substantial evidence standard. Hinton v. Smith, 725 So.2d 1154, 1156 (Fla. 2d DCA 1998). "A court may impute income if a party is earning less than he could, based on a showing that he has the capability of earning more by the use of his best efforts." Ritter v. Ritter, 690 So.2d 1372, 1374 (Fla. 2d DCA 1997). The imputation of income must be based "on appropriate findings concerning the basis for imputing income and the amount imputed." Nieboer v. Nieboer, 816 So.2d 1259, 1261 (Fla. 2d DCA 2002); see also Cooper v. Cooper, 639 So.2d 153 (Fla. 2d DCA 1994); Woodard v. Woodard, 634 So.2d 782 (Fla. 5th DCA 1994). In this case, we conclude that competent, substantial evidence in the record supports the trial court's decision to impute income of $400,000 annually to the Husband. Although the trial court's findings in this regard are not as detailed as they could be, we find them to be adequate for purposes of our review. Therefore, we affirm the award of permanent periodic alimony because it is appropriate based upon the Wife's undisputed need and the Husband's ability to pay.
On the other hand, we are compelled to reverse the trial court's award of retroactive alimony to the Wife in the amount of $188,706. The trial court found that the Husband failed to provide anything more than nominal support to the Wife during the twenty-one-month period that the dissolution of marriage proceeding was pending. The trial court found further that a failure to make the alimony award retroactive would unfairly diminish the Wife's portion of the equitable distribution of the parties' assets. In order to support herself during the pendency of the proceedings, the Wife had been forced to consume a portion of her one-half of the proceeds from a prejudgment sale of the marital home. To address this inequity, the trial court awarded the Wife retroactive alimony of $8986 per month for the twenty-one-month period that had elapsed from the date of the filing of the petition to the effective date of the final judgment.
The trial court ordered the Husband to pay $88,706 of the total retroactive alimony award of $188,706 to the Wife within one year of the date of the final judgment. The Husband was to pay the $100,000 balance from the proceeds of an obligation that was payable in installments to his professional association. The trial court directed the Husband to pay the $100,000 balance in equal installments over a period measured by the remaining term of the obligation payable to the professional association.
*1002 The trial court found that the Husband's earnings were reduced from normal levels during the pendency of the proceedings for dissolution of marriage and were not a true indicator of his actual earning capacity. The trial court's imputation of income to the Husband in the amount of $400,000 per year was on a "go forward" basis from the date of the final judgment. However, the trial court did not attribute the reduction in the Husband's earnings during the litigation in the court below to a voluntary limitation on income that he had engineered. Instead, the trial court found that the reduction in the Husband's income during the pendency of the proceedings was caused by a confluence of several negative  albeit temporary  events beyond his control. Unfortunately, the trial court did not make any findings concerning the sources and amount of the Husband's income during this twenty-one-month period.
"A trial court may award retroactive alimony when appropriate." Cleary v. Cleary, 872 So.2d 299, 303 (Fla. 2d DCA 2004); see also Askegard v. Askegard, 584 So.2d 47 (Fla. 1st DCA 1991); Wright v. Wright, 411 So.2d 1334 (Fla. 4th DCA 1982). An award of retroactive alimony must be based on the receiving spouse's need for alimony and the paying spouse's ability to pay. See Schellhammer v. Schellhammer, 687 So.2d 987, 989 (Fla. 5th DCA 1997); Hodge v. Hodge, 607 So.2d 510, 511 (Fla. 5th DCA 1992). In this case, the trial court's conclusion that the Wife established her need for retroactive alimony is supported by the record. However, we are unable to review the trial court's award of retroactive alimony because its findings regarding the Husband's ability to pay are inadequate. The trial court determined that the Husband's income was reduced below normal levels during the twenty-one-month period of the pendency of the proceedings for dissolution of marriage. Nevertheless, the trial court made no findings concerning the sources and amount of the Husband's income during this critical time-frame as required by section 61.08, Florida Statutes (2001). The absence of such findings precludes meaningful appellate review.
Accordingly, we reverse the final judgment as to the award of retroactive alimony to the Wife. Upon remand, the trial court shall revisit the issue of retroactive alimony and may, if necessary, receive additional evidence directed to this issue only. The trial court's determination of the Wife's request for retroactive alimony shall be supported by specific findings concerning the sources and amount of the Husband's income during the twenty-one-month period from the date of the filing of the petition for dissolution of marriage to the entry of the final judgment of dissolution of marriage.
Our reversal of the retroactive alimony award makes it unnecessary for us to consider the Husband's argument that the trial court erred by ordering $100,000 of the award to be paid from the proceeds of an obligation owed to the Husband's professional association. Nevertheless, for the guidance of the trial court and the parties on remand, we note that the trial court may not link payment of any award of retroactive alimony it may make on remand to the receipt of particular funds, especially funds payable to a separate entity. This does not preclude the trial court from directing payment of all or a portion of such an award in installments on a schedule that corresponds to the anticipated receipt of funds by the Husband.

LIFE INSURANCE
The trial court ordered the Husband to maintain term life insurance in the amount of one million dollars to guarantee payment of his support obligation to the Wife. The Husband contends that it was error to require him to maintain life insurance to secure the Wife's alimony because the trial *1003 court did not find any special circumstances to justify such an award and the record does not contain any evidence supporting it. See Cozier v. Cozier, 819 So.2d 834 (Fla. 2d DCA 2002); Pinion v. Pinion, 818 So.2d 557 (Fla. 2d DCA 2002). The Wife properly concedes error on this point. Accordingly, we reverse this requirement in the final judgment.

THE $25,000 DEBT
On February 16, 2001, and February 28, 2001, the Husband borrowed $10,000 and $15,000 respectively on a life insurance policy that he owned. The Husband testified without contradiction that the proceeds of the two loans were spent by the parties for joint living expenses. At trial, the parties offered a joint proposal for equitable distribution that correctly identified the $25,000 debt as a marital liability.[1] Nevertheless, the trial court ordered that the $25,000 debt would be "the Husband's sole responsibility based on the timing of the loans and the status of the marriage at the time the Husband took out these loans." Based upon section 61.075, the evidence, and the stipulation of the parties, it was error for the trial court to determine that the $25,000 debt was the Husband's nonmarital obligation.
In defense of this aspect of the final judgment, the Wife argues that the trial court could have achieved the same result by treating the $25,000 as a marital liability that was assigned to the Husband and by making written findings of fact to support the unequal distribution. See Feger v. Feger, 850 So.2d 611, 615 (Fla. 2d DCA 2003); Lavelle v. Lavelle, 634 So.2d 1111, 1112 (Fla. 2d DCA 1994). We need not decide whether the trial court could have achieved the same result by other means because the trial court erred by finding that the $25,000 debt was the Husband's nonmarital obligation. We reverse this aspect of the final judgment. In the final judgment, the trial court divided the parties' marital assets and liabilities equally. Upon remand, the trial court shall revisit the equitable distribution scheme in order to achieve an equal division of the parties' marital assets and liabilities.
In all other respects, the final judgment is affirmed.[2]
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
FULMER and WHATLEY, JJ., Concur.
NOTES
[1] The petition for dissolution of marriage was filed on April 11, 2001. The parties did not enter into a separation agreement. See § 61.075(5), (6), and (7), Fla. Stat. (2001); Martin v. Martin, 816 So.2d 185 (Fla. 1st DCA 2002).
[2] In the final judgment, the trial court ruled that the Wife was entitled to an award of attorney's fees from the Husband and reserved jurisdiction to determine the amount. After the filing of the notice of appeal in this case, the trial court entered an order awarding attorney's fees to the Wife in a specified amount. The Husband's appeal from that order is currently pending before this court in case number 2D03-5051. That case has not been consolidated with this case concerning the appeal from the final judgment.

In this case, the Husband argues that the Wife failed to establish her entitlement to an award of attorney's fees. Although we have jurisdiction to determine the issue of entitlement in this case under the rule stated in Widom v. Widom, 679 So.2d 74, 75 (Fla. 4th DCA 1996), we decline to consider the attorney's fees issues in a piecemeal fashion. We have notified the parties by a prior unpublished order that the issues of entitlement and the amount of the Wife's attorney's fees will be determined in case number 2D03-5051.