PALMER, J.
Lisa Savage (mother) appeals the final order entered by the trial court on her motion for an award of post-dissolution attorney’s fees. David Savage (father) cross-appeals contending he is entitled to recover attorney’s fees. Determining that the trial court failed to properly set forth the basis of its fee award, we reverse and remand for entry of an amended order. In all other aspects, we affirm.
The father filed a motion in the trial court seeking to domesticate the parties’ Pennsylvania divorce decree since both parties and their teenage daughter are now residents of Florida. The father also sought a downward modification in the amount of his child support obligation, retroactive to the date of the filing of his petition, based on a substantial change in his financial circumstances.
The father attached a copy of the parties’ marriage settlement agreement (MSA) to his complaint. Of importance to this appeal, the agreement states:
If either party defaults in the due performance of any of the terms, conditions or covenants of the Agreement on his or her part to be performed, the non-defaulting party shall have the right to sue for specific performance or damages for the breach of this Agreement, and the defaulting party shall pay the reasonable legal fees for any services rendered by the non-defaulting party’s attorney in any action or proceeding to compel the defaulting party’s due performance thereunder.
Upon filing his motion for modification, the father unilaterally decided to reduce the amount of child support and school expenses he was paying to the mother rather than waiting for a determination from the trial court as to whether his modification request would be granted. As such, the father defaulted on his child support obligation. He was not in default until making that unilateral decision.
The mother filed several responsive pleadings including a “Response” to the father’s motion generally agreeing that the trial court possessed the jurisdiction to modify issues of child support, custody, and visitation. She also filed a request for *1198 enforcement of past due child support and an award of attorney’s fees.
The trial court conducted a hearing on the parties’ motions. Upon review of the evidence presented, the trial court entered a final order on the pending issues. In the order, the court found that the father had the ability to pay the child support arrear-age but had willfully failed to do so. The court further ruled that neither party had met the burden of proof required to modify the father’s child support obligation and, therefore, the court left the amount unchanged. The court also found that the mother was not entitled to recover any attorney’s fees related to the proceeding since she did not lack the ability to pay same.
The mother filed a timely motion for rehearing in which she argued that the trial court had erred in denying her request for attorney’s fees since the parties’ MSA specifically provided for the payment of fees by a defaulting party.
The trial court later entered an order on the mother’s motion for rehearing stating that the mother was correct in citing to the attorney fee provision in the parties’ MSA as a valid basis for recovering the fees which she incurred in seeking enforcement of the father’s child support obligation. However, the court further noted that the instant proceedings involved many issues which were unrelated to the father’s child support default, including the parties’ competing motions for modification.
The trial court conducted a hearing on the mother’s request for attorney’s fees. Counsel for the mother requested a total amount of $42,177.93 and submitted evidence regarding his hourly rate and number of hours. The court entered an order holding that the mother was entitled to recover reasonable attorney’s fees and costs “in seeking enforcement of payment by the Former Husband when he unilaterally reduced child support payments and reduced and/or suspended private school tuition and expenses contrary to the marital settlement agreement. However, she is not entitled to recover attorney’s fees and costs on the other issues raised in the parties’ pleadings.” The court then concluded that reasonable attorney’s fees incurred by the motion in this matter totaled $13,750.00.
The mother first argues that the instant attorney’s fees order must be reversed because the trial court improperly failed to set forth any findings of fact regarding a reasonable hourly rate and a reasonable number of hours as is required by Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). The father properly concedes error on this issue; however, he argues that remand is not appropriate in this case because the mother failed to present any evidence regarding the issues of hourly rate and number of hours expended and, therefore, the award of fees should be simply reversed. We disagree. The mother did present evidence to support her motion. In that regard, counsel for the mother provided the trial court with evidence concerning reasonable hourly rates and also submitted a copy of his office file for the court to review. As such, this matter will be remanded for entry of a proper order. See Faircloth v. Bliss, 917 So.2d 1005 (Fla. 4th DCA 2006)(explaining that when award of attorney fees or costs is appealed and record on appeal is devoid of competent substantial evidence to support order appellate court will reverse award without remand, but, when there is some competent evidence in record supporting award, appellate court will reverse and remand for additional findings).
We note however that, on remand, the mother is not entitled to receive a second *1199 opportunity to present evidence to the trial court to support her request for fees. The trial court, based upon the evidence previously presented, must enter an order setting forth the reasonable hourly rate and the reasonable number of hours expended, either directly on the issues covered by the default provision of the MSA or which were inextricably intertwined with that issue such that they could not be properly separated out. See Franzen v. Lacuna Golf Ltd. Partnership, 717 So.2d 1090 (Fla. 4th DCA 1998); see also Clipper v. Bay Oaks Condo. Ass’n, 810 So.2d 541 (Fla. 2d DCA 2002).
Importantly, had the father continued to make payments in accordance with his court-ordered support pending a decision by the trial court on his motion to modify, no default would have occurred and the mother would not have been entitled to recover any attorney’s fees pursuant to the parties’ MSA. However, the father chose to unilaterally reduce his payments upon the filing of his modification request, and, as a result, exposed himself to liability for the payment of attorney’s fees.
On cross-appeal, the father argues that he is entitled to receive an award of attorney’s fees under the terms of the parties’ MSA, even though he never filed a request for fees with the trial court, because the mother defaulted by failing to comply with the terms of the parties’ visitation schedule. We disagree.
Our courts have consistently held that trial courts are not permitted to enter awards of attorney’s fees when a request for same has not been properly pled. See Szymanski v. Szymanski, 603 So.2d 73 (Fla. 4th DCA 1992); Alford v. Alford, 594 So.2d 843 (Fla. 5th DCA 1992); Broyles v. Broyles, 573 So.2d 357 (Fla. 5th DCA 1990); Kratzer v. Reimiller, 552 So.2d 1188 (Fla. 5th DCA 1989).
We reverse the trial court’s attorney’s fee order and remand the case for the entry of an amended final order consistent with this opinion. In all other respects, we affirm.
AFFIRMED in part; REVERSED in part; and REMANDED.
MONACO and TORPY, JJ„ concur.