WARNER, J.
The former wife challenges an order finding her in contempt of court for failing to abide by the terms of the final judgment of dissolution of marriage. While she claims that the court’s' order of contempt did not contain a finding that she had the ability to pay the purge amount ordered, the trial court did not order incarceration, and we conclude that the finding of ability to pay was not required. However, the court modified visitation without any pleading to support it, which violated the wife’s due process rights. We therefore affirm the order of contempt but reverse the order modifying visitation.
The parties divorced in 2000. The Mediation Agreement incorporated into the final judgment established an apportioned contribution between the former wife and former husband to the children’s extracurricular activity costs, private education costs, and uncovered health expenditures. Ten years later, the former husband moved to enforce the final judgment and for contempt, alleging that the former wife had failed to pay her portion of the childcare expenses. He also complained that she was subverting his ability to communicate with the children. He requested that the former wife be held in contempt and that he be awarded a judgment against her for her portion of the child expenses that he had paid.
The former wife did not appear at the noticed hearing. The former husband testified to the expenses that he paid, totaling them at $8,500. He also testified as to the many ways that the wife was interfering with his relationship with the children. Although not mentioned in his motion, at the hearing the husband testified that the parties had difficulty with summer visitation and requested a change. The court noted that the issue should be addressed in a petition to modify the final judgment.
The trial court entered a final order finding the wife in arrears of her obligation with respect to the childcare expenses in the amount of $8,500. It also found that she had interfered with the former husband’s relationship with the children and prevented communication. Based upon the court’s findings, it held the wife in contempt of the final judgment. It ordered her to repay the $8,500 to the husband at a rate of $150 per month and required her to provide the former husband with a life insurance policy, as required by the Mediation Agreement and final judgment. It made other provisions to improve the former husband’s ability to communicate with the children, as well as provisions to prevent the former wife from disparaging the husband to the children. Despite its reluctance at the hearing, the *889 court also modified visitation with the children.
The former wife contends on appeal that the court erred in finding her in contempt without making a finding that she had the ability to pay the amount of the arrearages. In this case, however, the trial court did not order incarceration if she did not comply with the purge provision of $150 per month. Bowen v. Bowen, 471 So.2d 1274, 1278-79 (Fla.1985), makes clear that a finding of ability to pay is mandated when incarceration is deemed appropriate. The court was not required to make such a finding, where incarceration was not contemplated. The court will have to make a finding of ability to pay, should incarceration be sought for violation of the purge provision.
As to the amount of the arrearage, we find no error in the trial court determining the arrearages of $8,500, based upon the former husband’s testimony. The trial court is the trier of fact and the judge of the credibility of the evidence. The former husband testified to the amount from his own personal knowledge, as he was the person making the payments. The former wife elected not to attend the hearing and therefore did not challenge the testimony of the former husband.
We also affirm the trial court’s award to the husband of his attorney’s fees in connection with the motion for contempt, as the mediation agreement provided that the defaulting party to the mediation agreement is obligated to pay the fees of the non-defaulting party seeking to enforce the agreement.
We do find error, however, in the trial court’s modification of visitation. In the context of modification of visitation rights, we recently said:
“It is well settled that an order adjudicating issues not presented by the pleadings, noticed to the parties, or litigated below denies fundamental due process.” Neumann v. Neumann, 857 So.2d 372, 373 (Fla. 1st DCA 2003); accord Mizrahi v. Mizrahi, 867 So.2d 1211, 1213 (Fla. 3d DCA 2004) (“Due process protections prevent a trial court from deciding matters not noticed for hearing and not the subject of appropriate pleadings.”). Therefore, “Florida courts have repeatedly held that it is a violation of a parent’s due process rights for a court to modify visitation in a final judgment unless the issue of modification is properly presented to it by written pleadings, noticed to the parties, or litigated below.” Foerster v. Foerster, 885 So.2d 927, 929 (Fla. 2d DCA 2004).
Albert v. Rogers, 57 So.3d 233, 236-37 (Fla. 4th DCA 2011). Having modified visitation without any pleading requesting the same, the court violated the wife’s due process rights. That portion of the order is therefore reversed and remanded to strike those portions of the order modifying visitation.

Affirmed in part; reversed in part and remanded with directions.

DAMOORGIAN and CONNER, JJ., concur.