PER CURIAM.
Donald Clark (“Husband”) appeals a final judgment dissolving his sixteen-year marriage with Chrystal Clark (‘Wife”), arguing that the trial court erred by (1) adopting Wife’s proposed final judgment verbatim; (2) awarding Wife relief that she did not seek in her petition for dissolution of marriage; (3) awarding Wife sole parental responsibility of the parties’ minor children without giving Husband the opportunity to testify; (4) ordering an equitable distribution of marital assets unsupported by substantial, competent evidence; (5) failing to make specific findings to support the awards of alimony and child support; and (6) awarding Wife attorney’s fees without regard to the reasonableness of the fees or his ability to pay. We affirm the dissolution, the time sharing arrangement, and the entitlement to child support. We reverse and remand the amount of child support and equitable distribution for further consideration.
In her petition for dissolution of marriage, Wife requested: (1) an order dissolving the marriage; (2) a parenting plan with a time sharing schedule; (3) the distribution of assets and liabilities; and (4) child support. Wife’s petition neither sought nor alleged entitlement to alimony or a need for attorney’s fees. In his answer, Husband generally admitted Wife’s allegations, except regarding the marital home’s address, his ability to provide life insurance, and his alleged alcoholism. He specifically admitted reasonable child sup *657 port was appropriate. The notice of hearing of the dissolution was sent to Husband’s correct address, but he failed to appear, and the court conducted the hearing without him.
After testimony, the court awarded attorney’s fees and made the following findings:
THE COURT: All right. Then having considered the testimony and again noting that it is now 9:15 and we still don’t have an appearance from Mr. Clark, I will enter an order dissolving the marriage, find that it is irretrievably broken, adopt the parenting plan as proposed, giving Mrs. Clark sole parental responsibility with the time sharing with the father at her discretion and subject to his sobriety. Child support — is there a guideline worksheet in the file, Mr. Kneller?
MR. KNELLER: After I have the alimony computation—
THE COURT: Okay.
MR. KNELLER: I’ll prepare one and tender it with the Final Judgment.
THE COURT: I will order permanent periodic alimony, as requested, child support according to the guidelines, equitable distribution as requested to be paid for as requested on a monthly basis. The property and debts to be distributed.
Wife proffered a five-page, single-spaced final judgment containing matters not mentioned by the court. Specifically, the court did not determine the value of the home and the mortgage, the amount of time spent on the case by the attorney, or the attorney’s hourly rate. The proposed judgment also ruled on matters not requested by Wife in her complaint, notably, alimony and attorney’s fees. The court signed this judgment. However, there was no child support guideline worksheet in the file for the court to consider at the time.he referred the matter to the Wife’s attorney.
In Perlow v. Berg-Perlow, the Florida Supreme Court stated:
We understand and appreciate the fact that a trial judge in these often complex and multi-issue dissolution cases can benefit from proposed findings and conclusions prepared by the parties. Such proposals can serve as a starting point and reminder of the facts and issues that should be considered and weighed by the judge in his or her own evaluation. However, such submissions cannot substitute for a thoughtful and independent analysis of the facts, issues, and law by the trial judge. When the trial judge accepts verbatim a proposed final judgment submitted by one party without an opportunity for comments or objects by the other party, there is an appearance that the trial judge did not exercise his or her independent judgment in the case. This is especially true when the judge has made no findings or conclusions on the record that would form the basis for the party’s proposed final judgment. This type of proceeding is fair to neither the parties involved in a particular case nor our judicial system.
875 So.2d 383, 389-90 (Fla.2004) On appeal, Husband claims that the court permitted wife’s proposed final judgment submitted to substitute for a thoughtful and independent analysis of the facts, issues and law by the trial judge. We agree.
In a dissolution action, an issue is properly before the court when it is raised in the pleadings or when it is raised and considered by the court without objection. Sugrim v. Sugrim, 649 So.2d 936, 938 (Fla. 5th DCA 1995). Wife contends that the issues of alimony and attorney’s fees were listed in her pre-trial compliance putting Husband on notice. However, this docu *658 ment is not a substitute for amending the complaint. See Savage v. Savage, 955 So.2d 1196, 1197 (Fla. 5th DCA 2007) (“[T]rial courts are not permitted to enter awards of attorney’s fees when a request for same has not been properly pled.”). This case is similar to' Kratzer v. Reimiller, 552 So.2d 1188, 1189 (Fla. 5th DCA 1989). In Kratzer, after failing to respond to a petition for dissolution, a default was entered against the husband. 552 So.2d at 1188. The wife’s petition did not allege entitlement to alimony or the need for attorney’s fees. Id. The husband then appeared at the final hearing, but due to the default, he was not permitted to participate. Id. This Court did not find consent to amend the complaint, nor did we find the pretrial compliance was a proper substitution for a pleading. Id. at 1189. Thus, we reversed the judgment awarding alimony and attorney’s fees. Id.
When a pleading fails to make a specific demand, courts will accept the issue as being “tried by implied consent” where a pre-trial statement raises the issue and the other party fails to object at the hearing. See Hemraj v. Hemraj, 620 So.2d 1300, 1301 (Fla. 4th DCA 1993) (finding implied consent to alimony where one party objected to some, but not all, of the statements in opposing party’s pretrial statement); DeLoach v. DeLoach, 552 So.2d 324, 325 (Fla. 1st DCA 1989) (holding when an issue regarding equitable distribution is raised and considered without objection, it is appropriate to regard the issue as if it had been pled).
Wife suggests that Husband’s failure to attend the hearing is tantamount to consenting to amending the complaint in any way but offers no authority for this proposition. Unpled issues tried when a party does not appear are not tried by consent, but in absentia.
By blindly approving Wife’s proposed final judgment, which covered matters not pled and include matters not orally resolved by the trial court, this final judgment acted as a “substitute for a thoughtful and independent analysis of the facts, issues, and law by the trial judge.” Perlow, 875 So.2d at 389-90.
We affirm the dissolution, time sharing arrangement and the entitlement to child support. We reverse the alimony and attorney’s fee awards. We reverse and remand for further consideration the amount of child support and equitable distribution.
AFFIRMED in part, REVERSED in part, and REMANDED.
TORPY, C.J., PALMER, J„ and HARRIS, C.M., Senior Judge, concur.