WINSOR, J.
In this dissolution-of-marriage appeal, we reverse the trial court’s award of past- *657 due rent, but we affirm the trial court’s decision as to the majority time-sharing of the parties’ minor child.
I.
After their dissolution proceedings began, Chris and Darlene Hudson — then husband and wife — entered into a partial mediated settlement agreement. Among other things, the agreement provided that the wife “shall assume the exclusive ownership and possession of the marital home.” But despite the agreement, the husband continued to live with her in the marital home nearly four more years — all the way up until the final dissolution hearing.
At the final hearing, the wife asked the court to award her rent for the time the husband continued to live in the home. She testified that she had repeatedly asked him to move out, but that he had repeatedly refused. She said she had even turned to law enforcement seeking his removal, but to no avail. Testifying in response, the husband admitted he lived in the home but said she never asked him to leave. He insisted he owed no rent.
In its final judgment, the court held that the wife was “entitled to an award of reasonable rent” for the time the husband “resided in the home over [her] objection.” Accordingly, the court ordered the husband to pay the wife $23,500 ($500 per month x 47 months *) in four quarterly payments.
On appeal, the husband argues that the trial court never should have considered the rent issue because the wife failed to properly plead it. He correctly notes that the issue was not even raised until six days before the final hearing, when the wife filed an amended financial affidavit listing as a contingent asset the $23,500 in “[r]ent owed.” In a dissolution-of-marriage case, “an issue is properly before the court when it is raised in the pleadings or when it is raised and considered by the court without objection.” Clark v. Clark, 147 So.3d 655, 657 (Fla. 5th DCA 2014). Here, the wife never amended her petition to include a specific request for past-due rent, and her amendment to the financial affidavit was insufficient to put the issue before the court. Cf. id. at 657-68 (“Wife contends that the issues of alimony and attorney’s fees were listed in her pretrial compliance putting Husband on notice. However, this document is not a substitute for amending the complaint.”). Therefore, the trial court could consider the issue only if it was tried by express or implied consent. See id.; cf. also Burkhart v. Burkhart, 620 So.2d 225, 226 (Fla. 1st DCA 1993) (holding that trial court erred in awarding wife temporary spousal support because the wife’s motion “contained] no request for spousal support, nor [was] there any indication that the wife’s entitlement to same was tried by consent of the parties”).
Although the wife argues otherwise with some force, we are unconvinced that the rent issue was tried by consent. But we need not ultimately resolve that issue. Either way, the trial court should not have awarded rent. The wife’s only argument in support of her entitlement to unpaid rent was based on the parties’ settlement agreement, but that agreement does not obligate the husband to pay rent for the time he was there. While there are conceivable arguments supporting a damages award under these circumstances, cf., e.g., Kish v. McDonald’s Corp., 564 So.2d 1177, 1180 (Fla. 4th DCA 1990) (“[Reasonable *658 rental value .... is a proper measure of damages where a trespass has occurred and the trespasser has refused to remove itself after notification by the owner.”), the wife did not raise them. On remand, the trial court should amend the final judgment to remove the $23,500 award.
II.
Next, the husband argues that the trial court erred in awarding the wife majority time-sharing of the parties’ minor child. He argues that there was insufficient evidence to support the trial court’s decision. We conclude, however, that the trial court properly considered all the necessary factors, relied on sufficient evidence, and did not abuse its broad discretion. Cf. Miller v. Miller, 842 So.2d 168, 169 (Fla. 1st DCA 2003) (“It is well settled that a trial court has broad discretion in child custody matters, and its decision in that regard is reviewed for an abuse of discretion.”).
AFFIRMED in part, REVERSED in part, and REMANDED.
WINOKUR and JAY, JJ., CONCUR.

 The wife testified that she was requesting $23,500 and that $500 was a reasonable monthly rent. There was no other evidence about the rental value.