IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KEMBERLY MCALISTER,
FORMER WIFE,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

      Appellant,

CASE NO. 1D17-65

v.

MARK PAUL MCALISTER, II,
FORMER HUSBAND,

      Appellee.

_____/

Opinion filed July 14, 2017.

An appeal from the Circuit Court for Union County.
Stanley H. Griffis, Judge.

Robert A. Sandow, Lake City, for Appellant.

Corrine A. Bylund, Jacksonville, for Appellee.

PER CURIAM.

     AFFIRMED.

B.L. THOMAS, C.J., and OSTERHAUS, J., CONCUR; WINSOR, J., CONCURS
WITH OPINION.

WINSOR, J., concurring.

When Kemberly and Mark McAlister divorced, they could not agree on a custody arrangement for their six-year-old daughter. The task of resolving that issue was left to the trial judge, who conducted a bench trial. After hearing all the evidence, the trial judge decided that the parents would share time with the daughter equally. The mother appealed, claiming the trial judge should have given her a greater share.

Among other things, the mother argues it was she who primarily cared for the child during the parties' lengthy separation, it was she who took the child to school every day during the marriage, and it was she who is now better suited to parent the child. From this, the mother concludes that the trial court was wrong to split timesharing equally.

In this case, as in so many more, the trial court faced a difficult decision. Both sides presented legitimate points and arguments. Ultimately, the trial court's careful consideration led it to the result challenged here. Perhaps other judges facing the same legitimate points and arguments would have reached different conclusions. Perhaps not. But the law gives judges making these decisions broad discretion, *see Hudson v. Hudson*, 209 So. 3d 656, 658 (Fla. 1st DCA 2017); *Witt-Bahls v. Bahls*, 193 So. 3d 35, 38 (Fla. 4th DCA 2016), and we cannot conclude that the trial judge

2

here abused that discretion. The mother has not met her burden on appeal, so we affirm.