DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

ALEXIA ATHIENITIS, Ph.D.,

Appellant,

v.

IPERMACHOS MAKRIS,

Appellee.

No. 2D21-2376

_____

September 16, 2022

Appeal from the Circuit Court for Hillsborough County; Kelly A. Ayers, Judge.

Mark F. Baseman of Felix, Felix & Baseman, Tampa, for Appellant.

Laurie K. Sweet of The Law Offices of Yeazell and Sweet, Clearwater, for Appellee.

LaROSE, Judge.

Alexia Athienitis, Ph.D. (Former Wife), appeals the final order enforcing the final judgment of dissolution of her marriage to Ipermachos Makris (Former Husband) and the order of referral to parenting coordinator, Dr. Jeremy Gaies. We have jurisdiction. *See*

Fla. R. App. P. 9.030(b)(1)(A). The trial court erred in granting relief on an issue not noticed for hearing. Thus, we reverse that portion of the order awarding Former Husband a reapportionment of Dr. Gaies' fees. We affirm the order as to the remaining issues raised on appeal without further comment.

## I. **Background**

The parties married in 2002; they have two minor children. In February 2016, the trial court entered a final judgment dissolving the marriage. To assist in resolving other issues, the trial court appointed Dr. Gaies as the parties' parenting coordinator and appointed a guardian ad litem for the children. Dr. Gaies served as parenting coordinator until the trial court granted his request for discharge in March 2019. The trial court reserved the possibility of reapportioning Dr. Gaies' fees and costs if either party inequitably used or abused the parenting coordination process.

The parties filed many postdissolution filings, including motions for contempt, enforcement of the final dissolution judgment, and Former Wife's psychological evaluation. The trial

court held a case management conference on May 14, 2021.[1]  The trial court could not move forward on nonfinancial child-related issues pending Former Wife's appeal of the court ordered psychological evaluation.  However, the trial court scheduled a hearing for June 2021 to address financial issues regarding:

> a. tuition costs;
> b. medical/dental/vision insurance for the minor children;
> c. uncovered medical expenses for the minor children;
> d. costs of extracurricular activities for the minor children;
> e. temporary attorney's fees and costs.

When that hearing commenced on Zoom, the trial court confirmed that the only issues to be heard were those listed above; no issue related to Dr. Gaies' fees was on the list.  Nevertheless, the guardian ad litem started to testify about the reasons Dr. Gaies sought discharge as parenting coordinator.  Former Wife objected to the testimony, claiming that it addressed "stale" issues.  Former Husband's counsel explained that "[t]he questioning pertain[ed] to our request for temporary attorney's fees, and that is why I am asking the question in terms of [Former Wife's] cooperation with Dr.

---

[1] There is no transcript of the hearing.

Gaies." Former Husband's claim for attorney's fees was based, in part, on Former Wife's allegedly needless litigation. The trial court overruled Former Wife's objection. Thus, the guardian ad litem testified that Dr. Gaies discontinued his services with the parties because Former Wife "was not willing to move forward in the process," "was not being compliant with the process," "blocked additional activity," and "refused to make a payment." Former Wife cross-examined the guardian ad litem regarding the issues noticed for the hearing; she did not ask about Dr. Gaies.

The trial court stated that it was going to order Former Wife to pay Former Husband her unpaid share of the children's school tuition. At that point, Former Wife disconnected from the Zoom hearing. The trial court remarked that it was "under the impression that this might not be an Internet lag." Former Wife returned nine minutes later. The trial court noted that it would not change its ruling on the school tuition issue. Former Wife disconnected, again, and did not return. The trial court stated:

> I think the doctor made it clear when she returned from the last Zoom hearing, it wasn't that she was disconnected, that she intentionally disconnected. So I am under the impression that she did so right now

4

because she is not happy with my ruling, so we're going to continue on.

The trial court moved on to the issues of uncovered medical expenses and expenses for extracurricular activities. Former Husband testified that he was also seeking reimbursement for Dr. Gaies' fees. His counsel asked the trial court to take judicial notice of the referral order to reallocate the parties' obligations for fees.

The trial court found that Former Wife "misused the parenting coordination process, and, as a result, reallocation of the parenting coordinator fees are [sic] warranted." It ordered Former Wife to reimburse Former Husband $3,080.50 for Dr. Gaies' fees, which included Former Wife's outstanding balance that Former Husband previously paid.

## II.   Discussion

Former Wife argues that the trial court violated her due process rights by reapportioning Dr. Gaies' fees because "the issue was not noticed for hearing." Former Husband contends that the reapportionment issue was *tried by consent* where Former Wife cross-examined the guardian ad litem and failed to object to the issue being heard.

5

"We review a claim of deprivation of procedural due process de novo." *Pena v. Rodriguez*, 273 So. 3d 237, 240 (Fla. 3d DCA 2019) (citing *A.B. v. Fla. Dep't of Child. & Fam. Servs.*, 901 So. 2d 324, 326 (Fla. 3d DCA 2005)).

"It is well settled that an order adjudicating issues not presented by the pleadings, noticed to the parties, or litigated below denies fundamental due process." *Austin v. Austin*, 120 So. 3d 669, 675 (Fla. 1st DCA 2013) (quoting *Norberg v. Norberg*, 79 So. 3d 887, 889 (Fla. 4th DCA 2012)). An issue may be "tried by implied consent" where a party "raises the issue and the other party fails to object at the hearing." *Clark v. Clark*, 147 So. 3d 655, 658 (Fla. 5th DCA 2014). However, "[u]npled issues tried when a party does not appear are not tried by consent, but in absentia." *Id.* Additionally, "the failure to object cannot be taken as implied consent to try unpled issues when there is no occasion for such party to object that such evidence is irrelevant to the issues being tried." *Bilow v. Benoit*, 519 So. 2d 1114, 1116 (Fla. 1st DCA 1988) (first citing *Wassil v. Gilmour*, 465 So. 2d 566 (Fla. 3d DCA 1985); and then citing *Dysart v. Hunt*, 383 So. 2d 259 (Fla. 3d DCA 1980)).

We cannot conclude that the reapportionment issue was tried by express or implied consent. The trial court and parties did not include the reapportionment issue on the list of issues noticed for the June hearing. When Former Wife objected to the guardian ad litem's testimony about Dr. Gaies, Former Husband's counsel explained that the testimony was relevant to the *noticed* issue of attorney's fees. Thus, Former Wife's failure to specifically object to the testimony as irrelevant to any of the noticed issues and her cross-examination of the guardian ad litem cannot be construed as implied consent. *See id.* ("The questions on cross-examination were also relevant to other issues that had been pled, and thus, Bilow's non-objection cannot be construed as express or implied consent to trial of the unalleged forfeiture defense.").

Former Husband did not claim that the guardian ad litem's testimony regarded the reapportionment of Dr. Gaies' fees when Former Wife was present at the hearing. Former Husband first stated that he was seeking the reapportionment of Dr. Gaies' fees—an issue separate from his attorney's fees—at the hearing during his testimony, after Former Wife had left the Zoom hearing. Former Wife's absence does not constitute implied consent to an issue not

7

noticed for the hearing. *See Clark*, 147 So. 3d at 658 ("Wife suggests that Husband's failure to attend the hearing is tantamount to consenting to amending the complaint in any way but offers no authority for this proposition. Unpled issues tried when a party does not appear are not tried by consent, but in absentia.").

Accordingly, we reverse the reapportionment of Dr. Gaies' fees and remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

CASANUEVA and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.