535 So.2d 704 (1988)
Eva M. HOGLE, Appellant,
v.
Edmund G. HOGLE, Appellee.
No. 88-493.
District Court of Appeal of Florida, Fifth District.
December 29, 1988.
Robert F. Foster, Deland for appellant.
No appearance for appellee.
SHARP, Chief Judge.
Eva Hogle appeals from a dissolution judgment. The sole issue is whether or not the trial court abused its discretion by ordering Edmund Hogle to pay only $100.00 per month for child support.
The record in this case is scant. Edmund represented himself at the final hearing, claiming he could not afford an attorney. When his turn came to present his case, he rambled in a confused and disorganized fashion, touching primarily on matters not directly relevant to his ability to pay support. However, the quality of his in-court statements indirectly supports the trial judge's decision in this case.
The trial judge made a finding that Edmund Hogle has "at this time ... a limited ability to pay child support." He required Edmund to pay $100.00 per month; and he ruled that Edmund's $2000 arrearage (which had accrued pursuant to temporary support orders) would stand as a judgment against him, earning interest at 12%. In the court file there are at least three contempt orders against Edmund. Apparently, he has not been able to pay the $200 per month child support required of him pursuant to his joint stipulation dated February 1987, which formed the basis of the temporary support orders. The same trial judge presided over the contempt hearings.
At the final hearing, Edmund testified that he first worked for Mano's Pizza in DeLand. He then went into the Army and was trained in communications. While in the Army he earned a B.S. Degree in computer science. His job was to operate and maintain electronic equipment, including computers.
Edmund was in the Army for 11 to 12 years. He reached the level of E-4, but encountered problems. He was unable to earn enough points for a further promotion, and thus was discharged on a nonreenlistment basis. At the time of the hearing, he had been out of the Army two years and four months. All that Edmund wanted to do was get back into the Army. *705 He said he would be willing to start all over again at the entry level. However, he could not manage to reenlist.
In civilian life, Edmund was unable to find any employment. He testified he tried to find employment in his "line of work," although he did not try computer repair jobs. He had recently sought employment as a busboy in a restaurant. He was also applying to work as a teacher's aide. He had been keeping busy working as a school volunteer, and doing yard work for his grandparents. He has no income and is living with his mother. He testified he has many problems  family and personal.
If this testimony is believed, as the trial judge did in this case, then there was no error or breach of discretion in the trial judge's failure to impute income to Edmund, based on his Army earnings, skills and degree. Those things are only indicia of earning ability. They do not establish it as a matter of law. See Brotman v. Brotman, 528 So.2d 550 (Fla. 4th DCA 1988). In order to impute income, the trial judge must find that the parent owing a duty of support has the actual ability to earn more than he or she is currently earning, and that he or she is deliberately refusing to work at that higher capacity to avoid support obligations. Here the trial judge concluded Edmund was doing the best he could.
AFFIRMED.
COWART, J., concurs.
COBB, J., dissents with opinion.
COBB, Judge, dissenting.
This is an appeal challenging the adequacy of an award of $100.00 per month as support for a five-year old child.
The trial testimony established that Edmund Hogle and Eva Hogle, the parents, were married in 1981. Their child was born in 1983, and now lives with Eva. She earns a biweekly income of "a little over $200.00" and clearly is in need of support money. The child has health problems related to asthmatic bronchitis.
The father's testimony established that he has a college degree in computer science, together with some ten years experience in the Army where he programed computers and operated other electronic equipment. He earned approximately $1,100.00 per month in the service. During the two years and four months between his Army termination and the trial testimony below in January, 1988, Hogle failed to obtain any gainful employment. During that period he voluntarily assisted his mother, a school teacher, in school programs and helped his grandparents with household work. He testified he had applied for jobs as a busboy and "at Sherwood," a manufacturer of medical supplies. No evidence was adduced at trial that Edmund Hogle had any physical or mental disabilities.
Based upon the record before us, Hogle's contention that he does not have the ability to pay more than $100.00 per month in child support, an amount clearly inadequate to meet the child's needs, is patently unreasonable. Where a party clearly has the ability to earn, income coextensive with that ability may be imputed to him in determining reasonable child support. Bielecki v. Bielecki, 505 So.2d 546 (Fla. 3d DCA), review dismissed, 511 So.2d 297 (Fla. 1987); Maddux v. Maddux, 495 So.2d 863 (Fla. 4th DCA 1986); Sokol v. Sokol, 441 So.2d 682 (Fla. 2d DCA 1983).
I cannot agree that the "quality" of Hogle's testimony, as the majority characterizes it, supersedes the undisputed facts of record and common sense. The majority's sympathetic analysis, based upon a perception that the father's narrative testimony was confused and disorganized, conflicts with the admonition of the Florida Supreme Court in Marcoux v. Marcoux, 464 So.2d 542, 544 (Fla. 1985) that an appellate court must find "competent substantial evidence in the record to support a particular award" in reviewing the discretion of the trial court in making support awards.
I must also reject the concept advanced by implication by the majority that the trial court's failure to effectively enforce its three contempt orders can substitute for evidence of an inability to obtain gainful *706 employment. A valid civil contempt order reflects a willful failure to comply with a court order and is based on a finding of present ability to pay. Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985). Three times the trial court found that Hogle had the ability to pay $200.00 per month child support.
The majority's reliance upon Brotman v. Brotman, 528 So.2d 550 (Fla. 4th DCA 1988) is also misplaced. In that case, the father lost his job and, unable to find a job with comparable pay in his field (sales) after attempting to do so, he decided to go into business for himself and had a predicted income of $25,000.00 from the first year of such self-employment. That is hardly analogous to the instant situation where Hogle has evinced no intention of pursuing any lucrative career in the field wherein he is trained and qualified, either through selfemployment or otherwise.
For some reason, the majority in this case has ignored the record and opted for compassion for a 33 year old father with nebulous "problems" at the expense of a needy five year old child. I would reverse for reconsideration and increase of the child support award.