575 So.2d 269 (1991)
Ronald J. SEILKOP, Appellant,
v.
Virginia SEILKOP, Appellee.
No. 90-1290.
District Court of Appeal of Florida, Third District.
February 19, 1991.
Rehearing Denied March 21, 1991.
*270 Samuel E. Smith, Coral Gables, for appellant.
Burton Ginsberg, North Miami Beach, for appellee.
Before BASKIN, FERGUSON and LEVY, JJ.
PER CURIAM.
This is an appeal from a final judgment for dissolution of marriage in which the husband claims that the trial court erred in the amount of the child support award, and in the awarding of alimony. We agree as to both issues and reverse.
Ronald J. Seilkop, the husband, and Virginia Seilkop, the wife, were married in August of 1987, and separated in November of 1987. The parties had an ongoing relationship prior to the marriage and conceived one child who was born in September of 1987. Prior to the marriage both parties owned and lived in separate homes. After the divorce, both parties returned to and lived in their separate homes. Because neither of the parties placed these two homes in issue in the case, the trial court did not, in any way, address these two separate homes in the Final Judgment.
The husband is fifty-one years old, and had worked as a police officer for the City of North Miami at a salary of between $42,000 and $47,000 per year. The husband has an income of $2400 per month from a pension and rentals from realty. The husband has total assets of $128,000. The husband voluntarily left his job after the suit for dissolution was filed. He moved to Ohio to live with his former wife and three minor children of the previous marriage. He pays $800 per month court ordered child support for the three children from the previous marriage.
The wife was employed by the City of North Miami and earned approximately $40,000 per year. She changed jobs a year after her son was born and moved to North Carolina to be with her parents. She is currently employed and earns $214, net, per week. Her assets consist of a $4,000 car and $200 in other assets. She and the child are currently living in a rental apartment.
Counsel for both parties agreed that income should be imputed to the husband under these circumstances, and the only real issue in dispute was how much income should be imputed, based upon the husband's prior earning capacity. The trial court awarded the wife child support of $866 per month plus $5000 lump sum alimony.
First, we find that the trial court erred in determining the amount of child support. The trial court erred in imputing income to the husband without setting forth what amounts it imputed and, furthermore, from what sources. See Hogle v. Hogle, 535 So.2d 704 (Fla. 5th DCA 1988). As stated in Hogle v. Hogle, 535 So.2d at 705, "[i]n order to impute income, the trial judge must find that the parent owing a duty of support has the actual ability to earn more than he or she is currently earning, and that he or she is deliberately refusing to work at that higher capacity to avoid support obligations." On remand, the trial court must indicate the basis for each of the sources of income that it imputes and/or attributes to the husband. Even assuming that the amount of the income imputed to the husband was correct, there is nothing in the record to support the amount of the child support award of $866 per month, which we find excessive under the facts of this case.
Second, we find that the trial court erred in awarding $5000 in lump sum alimony to the wife because the parties had only lived together three months, neither contributed much to the marriage in that short period of time, and there was absolutely no change in the parties' financial or proprietary positions during this brief period of time. Because there is no basis in the record to support the award of any type of alimony to the wife, this award must be reversed. See DePoorter v. DePoorter, *271 509 So.2d 1141 (Fla. 1st DCA 1987); Hartzell v. Hartzell, 434 So.2d 353 (Fla. 4th DCA 1983).
Reversed and remanded with instructions.
FERGUSON and LEVY, JJ., concur.
BASKIN, Judge (dissenting).
Without knowing what amounts the trial court imputed as income, I am unable to join the majority in condemning the child support award of $866 per month as excessive. I agree, however, that the trial court should have indicated what income it was imputing to the husband.
As to lump sum alimony, I find that because the record establishes sufficient justification, the trial court's award of $5,000 was not an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). "[T]here is no fixed minimum period which a marriage must endure before lump sum alimony can be appropriately awarded." Vawter v. Vawter, 419 So.2d 747, 745 (Fla. 4th DCA 1982). The award may have been precipitated by the fact that in the wake of the dissolution the wife was forced to leave her job and move closer to her parents in order to gain an adequate support structure to aid in raising her child. Furthermore, the trial court may have considered the lump sum award as a means of ensuring "equity and justice between the parties." Canakaris, 382 So.2d at 1201; cf. Iribar v. Iribar, 510 So.2d 1023 (Fla. 3d DCA 1987) (award was "bridge-the-gap" measure to ease transition from married to single status). Those circumstances would provide ample grounds for the award.
For these reasons, I would affirm the lump sum alimony award.