615 So.2d 178 (1993)
Russell W. EDWARDS, Appellant,
v.
Harriet K. EDWARDS, Appellee.
No. 92-688.
District Court of Appeal of Florida, Third District.
March 2, 1993.
*179 Jay M. Levy, Miami, for appellant.
George L. Cardet, Miami, for appellee.
Before NESBITT, LEVY and GERSTEN, JJ.
PER CURIAM.
The husband appeals a post-dissolution order increasing his child support obligation. The final judgment of dissolution of marriage was entered in this cause on May 17, 1983 awarding wife, among other items, the amount of $30 per week for the support of parties' minor daughter, born December 11, 1980. Subsequent to the entry of the final judgment, the parties have returned to court on numerous occasions for clarification/enforcement of visitation rights and for the husband's failure to pay child support. The wife's undisputed estimate of current expenses for the care and support of the child is $1,050 a month.
The husband, a self-proclaimed exotic car salesman, claims he has not generated sufficient income since 1983 to require filing of an income tax return. He claims that he borrowed the down payment for his townhouse and that he borrows on a continuous basis for his mortgage payment and other monthly expenses. The wife came forward with no evidence to refute this bleak financial picture. Notwithstanding this lack of evidence of income, the trial judge found the husband to have been concealing his source of income, and imputed a yearly income of $50,000 to the husband.
The husband's unrefuted testimony was that while he had a large commission due from an exotic automobile package sale, the commission was the subject of pending litigation and there were no funds available from that deal. Clearly, absent any evidence that the husband had the ability to pay increased child support, the trial court should not have granted the modification based upon imputed income. See Levine v. Best, 595 So.2d 278 (Fla. 3d DCA 1992); Seilkop v. Seilkop, 575 So.2d 269 (Fla. 3d DCA 1991); Hogle v. Hogle, 535 So.2d 704 (Fla. 5th DCA 1988).
Child support guidelines section 61.30(2)(b), Florida Statutes (1991) provides:
(b) Income shall be imputed to an unemployed or underemployed parent when such employment or underemployment is found to be voluntary on the parent's part, absent physical or mental incapacity or other circumstances over which the parent has no control. In the event of such voluntary unemployment or underemployment, the employment potential and probable earnings level of the parent shall be determined based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community; however, the court may refuse to impute income to a primary residential parent if the court finds it necessary for the parent to stay home with the child. (emphasis added)
Finding no evidence presented as to these factors, either in the form of the parties' own testimony and records or evidence confirming the prevailing level of income for workers similarly situated, the trial judge was obligated to deny the wife's petition for support modification.
Accordingly, the trial court's order is reversed.