659 So.2d 705 (1995)
Jose M. GOMEZ, Appellant,
v.
Ladys Infante GOMEZ, Appellee.
No. 94-2786.
District Court of Appeal of Florida, Third District.
August 23, 1995.
*706 Henry M. Bugay, Miami, for appellant.
Harvey D. Rogers, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and COPE, JJ.
SCHWARTZ, Chief Judge.
The ex-husband appeals from the financial aspects of a final judgment of dissolution. We conclude that, taken as a whole, the judgment unfairly distributes the marital assets and imposes an alimony obligation on the appellant beyond his demonstrated ability to pay. See Blum v. Blum, 382 So.2d 52 (Fla. 3d DCA 1980). Hence, we reverse the alimony and equitable distribution provisions of the judgment for a new trial on these issues.

I.
Mr. Gomez, the former owner of a car repair shop, is now seventy-two years of age. While the record supports the finding that he closed the business in order to avoid his obligations to his wife and then-seventeen-year-old child, so that income in some amount could be properly imputed to him under the doctrine of Pimm v. Pimm, 601 So.2d 534 (Fla. 1992), there is no evidence that he is now capable of earning, as the lower court found, the same amount as he did when the repair shop was a going concern. It is both counter-intuitive and, more important, unjustified by the record that a person of Mr. Gomez's age and capacity could accomplish that result, particularly when, as the evidence shows, the shop was in any case virtually defunct when Gomez "retired" from it. Hence, the imputation to Gomez of the amount of his prior income, $3000.00 a month, which formed the basis of the consequent award of $1500.00 per month in permanent periodic alimony, cannot stand. See Paul v. Paul, 648 So.2d 1211 (Fla. 5th DCA 1995); Edwards v. Sanders, 622 So.2d 587 (Fla. 1st DCA 1993); Edwards v. Edwards, 615 So.2d 178 (Fla. 3d DCA 1993); Wendroff v. Wendroff, 614 So.2d 590 (Fla. 1st DCA 1993); Kinne v. Kinne, 599 So.2d 191 (Fla. 2d DCA 1992).

II.
The equitable distribution effected by the final judgment, while it purported to distribute the marital assets almost equally between the parties, was unacceptably skewed in favor of the wife. This came about primarily, although not exclusively, because of the trial court's failure to recognize that Mrs. Gomez had already received substantial marital assets, particularly a home previously owned by Mr. Gomez which she secured by executing on a past due temporary alimony and support judgment, the proceeds of a jointly held vessel, and a marital bank account. Obviously, "equal," much less *707 "equitable," distribution cannot be accomplished without taking into account the present ownership of all the assets of the parties. See Tunderman v. Lee, 585 So.2d 354 (Fla. 2d DCA 1991).
In sum, we conclude that the issues of the nature and extent of alimony and of equitable distribution must be reconsidered, and, because of the passage of time and the insufficiency of the present record, retried after remand. See Stewmon v. Stewmon, 654 So.2d 259 (Fla. 2d DCA 1995). The judgment under review is otherwise affirmed.
Affirmed in part, reversed in part, and remanded with directions.