676 So.2d 525 (1996)
Abduladim A. ELREMMASH, Appellant,
v.
Monica J. PETERSON, Appellee.
No. 95-01771.
District Court of Appeal of Florida, Second District.
July 17, 1996.
William L. Penrose, St. Petersburg, for Appellant.
Monica Peterson, pro se.
PER CURIAM.
Appellant, the former husband and father of the parties' minor child, challenges the trial court's amended final supplemental judgment which increased his child support obligation and also determined that the appellee, the former wife and mother of the minor child, "shall make all decisions regarding the religious practices of the minor child" in her capacity as sole parental custodian. He also challenges the trial court's order awarding attorney's fees to the former wife. We affirm in part, reverse in part, and remand for further proceedings.
We agree with appellant that the trial court erred in imputing income to him based on family gifts and loans when considering whether to modify appellant's child support obligation and to award attorney's fees to appellee. See, e.g., Thilem v. Thilem, 662 So.2d 1314 (Fla. 3d DCA 1995); Sol v. Sol, *526 656 So.2d 206 (Fla. 3d DCA 1995); Edwards v. Edwards, 615 So.2d 178 (Fla. 3d DCA 1993). Accordingly, we reverse and remand for a redetermination on these issues without regard to this imputed income.
We affirm, however, that portion of the judgment which allows the mother the right to determine the religious practices of the minor child. The trial court's determination in that regard is a duplication of a provision of a Louisiana judgment which the appellant sought to modify.[1] Because we are bound to recognize this foreign judgment under the Uniform Child Custody Jurisdiction Act, which Florida and Louisiana have adopted,[2]see In re Adoption of C.L.W., 467 So.2d 1106, 1109 (Fla. 2d DCA 1985), and because the appellant has shown no change of circumstances regarding this condition, we must affirm.
Affirmed in part, reversed in part, and remanded for further proceedings.
PARKER, A.C.J., and LAZZARA and QUINCE, JJ., concur.
NOTES
[1] This judgment was affirmed on appeal. Schultz v. Elremmash, 615 So.2d 396 (La.App. 5th Cir.), cert. denied, 617 So.2d 911 (La.1993).
[2] Florida adopted the act in 1977. See Ch. 77-433, Laws of Fla. Louisiana adopted the act in 1978. See Wachter v. Wachter, 439 So.2d 1260, 1264 (La.App. 5th Cir.1983); LSAR.S. 13:1700 to 13:1724.