679 So.2d 1270 (1996)
Charles David JONES, Appellant,
v.
Dorinda L. JONES, Appellee.
No. 95-03884.
District Court of Appeal of Florida, Second District.
September 20, 1996.
*1271 Beach A. Brooks, Jr., of Peterson, Myers, Craig, Crews, Brandon & Puterbaugh, P.A., Winter Haven, for Appellant.
Arthur C. Fulmer, Lakeland, for Appellee.
PARKER, Judge.
Charles David Jones appeals from a final judgment of dissolution of marriage. Of the four issues Mr. Jones raises on appeal, we conclude that two errors require reversal. Two findings by the trial court in the final judgment must be reversed and remanded to the trial court for resolution. We affirm the trial court's findings that Dorinda L. Jones is entitled to permanent alimony and attorney's fees.
Mr. Jones worked at his father's restaurant. In calculating child support, the trial court imputed income to Mr. Jones for food the restaurant provided to the family, for household supplies Mr. Jones purchased on the restaurant's account, and for Mr. Jones' exclusive use of a vehicle the restaurant provided to him and maintained for him. The trial court included this imputed income into the computation of Mr. Jones' net income. In doing so, the trial court committed two errors. First, the trial court failed to assign specific dollar values to the various in-kind contributions. See Garcia v. Garcia, 560 So.2d 403 (Fla. 3d DCA 1990). Second, section 61.30(2)(a)13, Florida Statutes (1993), requires inclusion of these in-kind contributions in the calculation of gross income, not net income. On remand the trial court is reminded that, in determining child support, this computation of imputed income must not be based upon family gifts or loans. See Elremmash v. Peterson, 676 So.2d 525 (Fla. 2d DCA 1996).
With regard to equitable distribution of marital liabilities, Mr. Jones testified that he would be willing to accept responsibility for the family's debts owed to Belk's, J.C. Penney's, Burdines, Discover, Balyer Finance, Fingerhut, and Radiology Imagings. The trial court's final judgment states, "The Husband shall assume full responsibility for the joint obligations and debts incurred during the marriage and shall hold the Wife harmless for the same." The evidence reflects a debt Mr. Jones owes to his father's restaurant. The trial court made no written finding regarding this liability and did not identify the party which will be responsible for the debt as required by section 61.075(3)(c), Florida Statutes (1993). Upon remand, the trial court is directed to address this debt to the restaurant. See Kimm v. Kimm, 650 So.2d 1119 (Fla. 5th DCA 1995); Becker v. Becker, 639 So.2d 1082 (Fla. 5th DCA 1994).
Although we affirm Mrs. Jones' entitlement to permanent alimony and an award of attorney's fees, the amounts awarded may require adjustment based upon the trial court's recalculation of Mr. Jones' income and the determination of which party shall be responsible for the debt owed to the restaurant.
We reverse and remand this case to the trial court to determine child support based upon a new computation of Mr. Jones' imputed income assigning specific dollar values and applying that total value to Mr. Jones' gross income. The trial court shall also specifically identify in the final judgment the *1272 party responsible for the debt owed to Mr. Jones' father's restaurant.
Affirmed in part; reversed in part.
CAMPBELL, A.C.J., and BLUE, J., concur.