809 So.2d 68 (2002)
Curtis HOLT, Appellant,
v.
Thawanna D. GETER and State of Florida, Department of Revenue, Appellees.
No. 1D01-1455.
District Court of Appeal of Florida, First District.
February 8, 2002.
Rehearing Denied March 14, 2002.
Curtis Holt, pro se.
William H. Branch, Assistant Attorney General, Child Support Enforcement, Tallahassee, for Appellees.
PER CURIAM.
Curtis Holt appeals an order directing him to pay child support, contending that he is incarcerated and unable to earn an income, and thus the award should have been suspended until his release from prison. *69 We agree with the reasoning in Mascola v. Lusskin, 727 So.2d 328 (Fla. 4th DCA 1999), and affirm, because the childsupport obligation should not be suspended when the parent's criminal act causes a loss of income. When Holt is released from prison, he may enter into a payment plan to address the arrearages. As did the Fourth District, we certify conflict with the Fifth District in Pickett v. Pickett, 709 So.2d 182 (Fla. 5th DCA 1998) (income cannot be imputed to a father who was incarcerated and thus had no ability to earn the amount imputed to him).
AFFIRMED.
ERVIN, BENTON and POLSTON, JJ., concur.