872 So.2d 397 (2004)
Paul W. SMITH, Appellant,
v.
Marilyn SMITH, Appellee.
No. 1D03-2866.
District Court of Appeal of Florida, First District.
May 4, 2004.
*398 Mark Hulsey, III, of Mark Hulsey, P.A., Jacksonville, for Appellant.
Robert W. Elrod, Sr., Jacksonville, for Appellee.
PER CURIAM.
In this dissolution case, appellant, Paul Smith, challenges imputation of income to his salary as well as awards of retroactive child support and bridge-the-gap alimony to appellee, Marilyn Smith. Because the record does not contain evidence to support two of these aspects of the Final Order, we reverse and remand for proceedings consistent with this opinion. We find no abuse of discretion in the alimony award.
A trial court's imputation of income is reviewable for abuse of discretion. See Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980). To impute income pursuant to section 61.30(2)(b), Florida Statutes (2003), "the trial judge must find that the parent owing a duty of support has the actual ability to earn more than he or she is currently earning, and that he or she is deliberately refusing to return to work at that higher capacity to avoid support obligations." Stebbins v. Stebbins, 754 So.2d 903, 907 (Fla. 1st DCA 2000). Here, the only evidence regarding this issue was appellant's speculation that he *399 would "suspect it's possible" in other states to earn more income. Such speculation is not competent substantial evidence. See Undercuffler v. Undercuffler, 798 So.2d 867, 869 (Fla. 4th DCA 2001) (holding that the trial court erred in imputing income to the husband where he testified that he "hoped" he could earn as much as $40,000 per year); see also Stein v. Stein, 701 So.2d 381, 382 (Fla. 4th DCA 1997) (holding that the trial court erred in imputing income where record failed to demonstrate that any special circumstance existed to support imputing income in an amount that husband had never earned and which record indicated he could not presently earn). The record contains no competent evidence to support the court's finding that appellant was deliberately underemployed and capable of earning more income. We therefore reverse the imputation of income.
The Smiths had two children. From 1985, when the oldest child was an infant, until 1998, when Mr. Smith went to Oklahoma to pursue his education, the family lived with Mr. Smith's mother in Jacksonville. After Mr. Smith left, Mrs. Smith and the children remained in the grandmother's home. Until at least August 2001, the grandmother paid for virtually all the needs of the Smith children, specifically including food, shelter, and private school education. The record reflects that beginning in August 2001, after the Smith's separated, Mrs. Smith began contributing toward her children's needs. The trial court ordered child support retroactive from the date of the final hearing to two years before Mrs. Smith filed for dissolution, a time spanning July 25, 2000, through April 2003.
As with imputation of income, we review the trial court's award of retroactive child support under the abuse of discretion standard. Bardin v. State, 720 So.2d 609, 611 (Fla. 1st DCA 1998). A court may award retroactive child support where the children have needs and the parent has the corresponding ability to pay. Id. at 611-12. Here, however, appellee presented no affirmative evidence that the children needed child support before August 2001, or that appellant had the ability to pay during that time period. Cf. Kelley v. Kelley, 678 So.2d 369, 370 (Fla. 1st DCA 1996)(reversing the amount of an award of retroactive child support because the trial court failed to properly determine the ability of the parents to pay and the needs of the child); Sumlar v. Sumlar, 827 So.2d 1079, 1082 (Fla. 1st DCA 2002) (holding that the trial court did not abuse its discretion by awarding retroactive child support for children who were taken care of by a grandparent and the parent reimbursed the grandparent). Here, appellant's mother provided for the children during the first thirteen months of retroactive child support, just as she had done for their entire lives. The children did not want, nor did appellee incur any obligation to reimburse her mother-in-law. The trial court therefore abused its discretion in awarding support for the period of time. We find no abuse of discretion, however, in the award of retroactive child support commencing at the point where Mrs. Smith began to provide for the children's needs in August 2001.
We reverse those portions of the order imputing income to appellant and awarding retroactive child support from July 25, 2000, to August 2001. On remand, the trial court must recalculate the amount of retroactive child support for the appropriate period and without imputation of income.
ALLEN, KAHN and POLSTON, JJ., concur.