PLEUS, J.
This is a paternity case involving child custody, retroactive child support and attorney’s fees. The father appeals the final judgment, arguing that the trial court erred in (1) designating the mother primary residential parent; (2) awarding retroactive child support; and (3) ordering him to pay the mother’s attorney’s fees. We affirm the custody determination and award of attorney’s fees, finding competent, substantial evidence to support these findings. We reverse the award of retroactive child support and remand for recalculation consistent with the discussion below.
The father raises three arguments regarding the retroactive child support award. First, he claims the court failed to downwardly adjust the retroactive support to account for the father having the child over 40 percent of the time. Second, he argues the court awarded retroactive support for two full years prior to the petition date, which went beyond the scope of the mother’s request. Third, he asserts the court incorrectly calculated the father’s offset.
The standard for reviewing an award of retroactive child support is whether the trial court abused its discretion. Smith v. Smith, 872 So.2d 397, 399 (Fla. 1st DCA 2004). Regarding the downward adjustment argument, there was competent, substantial evidence to support the trial court’s decision not to downwardly adjust the father’s retroactive child support obligation. The mother’s summary of nights spent with the child demonstrated that during the two year prior to filing the petition, the child spent less than 40% of his nights with the father. Although there was conflicting evidence on this issue, the above stated evidence supports the trial court’s finding.
Regarding the father’s argument that the award of retroactive child support for a full two years prior to the date of the petition, the court partially erred because such relief was not sought by the mother nor was there evidence to support it. Although section 61.30(17), Florida Statutes, gives the trial court discretion to award retroactive child support for up to 24 months prior to the date of the petition, such discretion must be tempered by evidence of the child’s need and the parent’s ability to pay. Smith, 872 So.2d at 398. In the instant case, the court awarded retroactive child support dating back to April 7, 2001, even though the undisputed evidence showed that the parties recon- *163 died and lived together from November 2000 to June 1, 2001. Additionally, the father notes that the mother’s attorney conceded the reconciliation in his opening statement and sought retroactive child support only back to June 1, 2001. The trial court’s only finding on this point was that “[a] brief attempt to reconcile in late 2000 failed.” Based on the evidence, the trial court should have awarded retroactive child support only back to June 1, 2001, not to April 7, 2001.
Finally, the father argues that the trial court’s offset against retroactive child support failed to credit the father for four monthly child support payments of $250 each made to the mother after the petition was filed. The mother’s attorney conceded this point in his opening statement. He also listed this credit in a trial exhibit.
Accordingly, we affirm the custody determination and award of attorney’s fees. We reverse the retroactive child support award and remand with directions to recalculate the retroactive support from June 1, 2001 and to credit the father the additional $1,000 against his arrearage.
AFFIRMED IN PART, REVERSED IN PART, REMANDED.
ORFINGER and TORPY, JJ., concur.