982 So.2d 1224 (2008)
Myra Jan STRASSNER, Appellant,
v.
Dean Edward STRASSNER, Appellee.
No. 1D06-3533.
District Court of Appeal of Florida, First District.
May 27, 2008.
*1225 Gary Baker, Callahan, for Appellant.
No appearance for Appellee.
WOLF, J.
The former wife challenges an order modifying child support and denying her motion for contempt against the former husband. We hold that the trial court abused its discretion in finding that the former wife owed the former husband child support arrearages that entirely offset the former husband's alimony to her. We, therefore, reverse and remand for further proceedings.
The trial court's determination was primarily based on the following findings:
From the point in time the children's residential care and custody was provided exclusively by the former husband (August 2001) until their respective emancipations, the former wife would have incurred a child support obligation of approximately $29,250.00, assuming her responsibility for one-half the support the parties contemplated would be necessary for the children's maintenance (one-half of $1300.00 for 28 months and one-half of $850.00 for 26 months). Said amount is hereby established as the child support arrearage for the former wife. The former wife at all material times had the ability to at least earn minimum wage.
The trial court may impute income to the payor spouse for purposes of determining whether retroactive child support is appropriate. See § 61.30(2)(b), Fla. Stat. (2003); see also Stebbins v. Stebbins, 754 So.2d 903, 907 (Fla. 1st DCA 2000). As with an award of retroactive child support, the trial court's imputation of income is reviewed for abuse of discretion. Smith v. Smith, 872 So.2d 397, 398 (Fla. 1st DCA 2004). To impute income pursuant to section 61.30(2)(b), the trial court must find that "the parent owing a duty of support has the actual ability to earn more than he or she is currently earning, and that he or she is deliberately refusing to work at that higher capacity to avoid support obligations." Stebbins, 754 So.2d at 907; Smith, 872 So.2d at 398.
In the instant case, the trial court imputed income to the former wife to find that she had the ability to pay retroactive child support and determined that she was responsible for half of the $1,300 monthly support that was originally awarded to her based on the former husband's yearly income of $85,000. The court's calculation of child support must fail because the court either 1) completely ignored the child support guideline of section 61.30(9), Florida Statutes, which requires the court to determine the percentage share of child support by dividing the parent's net income by the combined income of both parents or 2) imputed to the former wife income equal to that of her former husband. The first assumption is legally unsound, and the second is completely unsupported by the record.
The only finding expressed in the order regarding the former wife's earning capacity was that she "had the ability to earn at least minimum wage." This is insufficient to support the court's imputation under Smith and Stebbins.
We, therefore, reverse and remand for further proceedings.
KAHN and VAN NORTWICK, JJ., concur.