PER CURIAM.
In this paternity action, appellant, Eka-terina O. Merkulova (Mother), appeals the final judgment establishing paternity, parenting plan, and support provisions re *1272 garding a child fathered by appellee, Said Elbouatmani (Father). Mother argues that the trial court erred in the calculation of child support, that the final judgment does not comport with the trial court’s verbal pronouncements made at trial, and that she should have been awarded attorney’s fees. We find error only in that portion of the judgment establishing retroactive child support. Because the monthly gross income figure used to calculate the amount of Father’s retroactive child support from the date of the filing of the petition through April 1, 2012 is not supported by competent, substantial evidence, we remand with instructions to recalculate the amount ordered for July 1, 2011 to March 1, 2012, to coincide with the trial court’s March 23, 2012 order awarding temporary child support.[1] See Ditton v. Circelli, 888 So.2d 161 (Fla. 5th DCA 2004) (reversing retroactive child support award, and remanding with instructions to recalculate retroactive support to correspond with evidence presented below). In all other respects, we affirm.
AFFIRMED, in part; REVERSED, in part; and REMANDED with directions.
PALMER, LAWSON and BERGER, JJ., concur.

. The March 23, 2012 order awarding temporary child support is supported by Father’s first financial affidavit and a finding that, at the time the order was entered, Mother had 100% of the overnights with the child. The record reflects that Father was not awarded overnight visitation until April 2012.