IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOSHWA BRIAN PAYNE,

     Appellant,

 v.                                      Case No.  5D15-1336

DEPARTMENT OF REVENUE
O/B/O ANNA G. GUTIERREZ,

     Appellee.

_____/

Opinion filed May 20, 2016

Appeal from the Circuit Court
for Putnam County,
Scott C. Dupont, Judge.

Susanna S. Quesenberry, of Mowrey,
Shoemaker, Beardsley, PL, St. Augustine,
for Appellant.

Carrie R. McNair, Assistant General
Counsel, Florida Department of Revenue,
Tallahassee, for Appellee.


WALLIS, J.

Joshwa Payne ("Appellant") appeals the lower court's order awarding retroactive child support for his minor child, S.L.W., upon petition by the Florida Department of Revenue O/B/O Anna G. Gutierrez, S.L.W.'s maternal grandmother ("Appellee").

In 2002, the lower court entered an order requiring Appellant to make child support payments in S.L.W.'s favor, including retroactive support payments for the previous 12 months' arrears. On August 18, 2014, after S.L.W. left her mother's residence and custody to reside with Gutierrez, Appellee filed a petition to establish child support. The trial court granted the petition, awarding support and finding Appellant "responsible for retroactive child support from 08/18/2012 through 12/20/2014."[1]

"The standard for reviewing an award of retroactive child support is whether the trial court abused its discretion." Ditton v. Circelli, 888 So. 2d 161, 162 (Fla. 5th DCA 2004) (citing Smith v. Smith, 872 So. 2d 397, 399 (Fla. 1st DCA 2004)). The applicable statute provides:

> In an initial determination of child support, whether in a paternity action, dissolution of marriage action, or petition for support during the marriage, the court has discretion to award child support retroactive to the date when the parents did not reside together in the same household with the child, not to exceed a period of 24 months preceding the filing of the petition, regardless of whether that date precedes the filing of the petition.

§ 61.30(17), Fla. Stat. (2014) (emphasis added). "[W]hen the statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent." Kasischke v. State, 991 So. 2d 803, 807 (Fla. 2008) (quoting Borden v. East-European Ins. Co., 921 So. 2d 587, 595 (Fla. 2006)). Thus, based on the plain language of the statute, a trial court may award retroactive support only in the first determination of child support concerning a particular

---

[1] Although the trial court later corrected the error of awarding support for the period before Gutierrez had custody of S.L.W., it did not otherwise alter the remainder of the retroactive support award.

child. In this case, the trial court abused its discretion by awarding retroactive support after the initial determination of child support. <u>See</u> § 61.30(17), Fla. Stat.; <u>Ditton</u>, 888 So. 2d at 162. Accordingly, we reverse with regard to only the order's award of retroactive support and affirm in all other respects.

AFFIRMED in part; REVERSED in part.

SAWAYA and LAMBERT, JJ., concur.