RAY, J.,
concurring in result.
If I were writing on a clean slate, I would adopt the holding and rationale of the Fourth District Court of Appeal’s decision in McCall v. Martin, 34 So.3d 121 (Fla. 4th DCA 2010), and conclude in this case that the father’s incarceration for vehicular manslaughter and resulting loss of income was not a valid reason to deny setting an initial amount of child support attributable to him based on imputed income. I believe the reasoning of McCall adheres to the legislative directive of section 61.30(2)(b), Florida Statutes (2014), is a logical extension of the Florida Supreme Court’s decision in Department of Revenue v. Jackson, 846 So.2d 486 (Fla.2003), and furthers the child’s best interest. Yet, I am unable to reconcile this result with precedent from this Court authorizing the imputation of income only when the parent owing a duty of support has the actual ability to work and is refusing to do so in order to avoid support obligations. See Strassner v. Strassner, 982 So.2d 1224, 1225 (Fla. 1st DCA 2008) (citing Stebbins v. Stebbins, 754 So.2d 903, 907 (Fla. 1st DCA 2000)). Because the record in this case does not support such a finding and in the absence of a Florida Supreme Court decision directly on point, I agree that the Administrative Law Judge did not abuse his discretion in declining to impute income to the father.