PALMER, J.,
dissenting.
I respectfully dissent because I disagree with the majority’s conclusion that a trial court possesses the authority to impute income to an incarcerated parent when setting an initial child support obligation.
“[A] court cannot order a parent to pay child support which that parent cannot afford to pay.” Alois v. Alois, 937 So.2d 171, 175-76 (Fla. 4th DCA 2006). Section 61.30 (2)(b) of the Florida Statutes (2015) imposes upon the parent seeking to impute income to the other parent the burden to present substantial competent evidence that identifies the “source of the imputed income” based on available employment. As such, without a demonstrated ability to pay, a court is not authorized to impute income to an incarcerated parent when imposing an initial child support obligation. As this court held in Hogle v. Hogle, 535 So.2d 704 (Fla. 5th DCA 1988):
In order to impute income, the trial judge must find that the parent owing a duty of support has the actual ability to earn more than he or she is currently earning, and that he or she is deliberately refusing to work at that higher capacity to avoid support obligations.
Id. at 705. Similarly, in Waugh v. Waugh, 679 So.2d 1 (Fla. 2d DCA 1996), the Second District reversed a child support order based on the amount that the father was earning prior to incarceration, stating:
A court may impute income to a party who has no income or is earning less than is available to him based upon a showing that the party has the capability to earn more by the use of his best efforts.
679 So.2d at 3 (internal quotation marks omitted); see also Strassner v. Strassner, 982 So.2d 1224, 1225 (Fla. 1st DCA 2008); Koeppel v. Holyszko, 643 So.2d 72, 75 (Fla. 2d DCA 1994).
I agree with the decision in Department of Revenue v. Llamas, 196 So.3d 1267 (Fla. 1st DCA 2016), and with the decisions in *485 other jurisdictions which have held that trial courts cannot impute income to an incarcerated individual absent a showing of the ability to pay. See e.g. Lambert v. Lambert. 861 N.E.2d 1176, 1180 (Ind. 2007). (concluding that imputing income to incarcerated individual is improper, but allowing imposition of minimal support order as authorized by Indiana statute); State v. Porter, 259 Neb. 366, 610 N.W.2d 23, 29 (2000) (concluding trial court abused its discretion in setting initial support obligation based on “earning capacity” that the appellant would not have during incarceration); Lewis v. Lewis, 637 A.2d 70, 73 (D.C. 1994) (vacating child support order of $50 per month for incarcerated father, noting his “income while in prison will be ‘essentially nothing.’ ”).
In sum, absent a demonstration of ability to pay, the trial court lacks the authority to impute income for the purpose of establishing an initial child support obligation.