# Third District Court of Appeal

## State of Florida

Opinion filed February 25, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0161
Lower Tribunal No. 22-712-FC-04
_____

**Angela Caycedo Osman,**
Appellant,

vs.

**Nelson Enrique Caycedo Osman,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Law Office of Brandon A. Rotbart, P.A., and Brandon A. Rotbart, for appellant.

Law Office of Madelin Diaz, P.A., Madelin Diaz, and Christine M. Alvarez (Davie), for appellee.

Before LOGUE, MILLER, and GOODEN, JJ.

MILLER, J.

In this contentious family dispute, the mother, appellant, Angela Caycedo Osman, challenges a final judgment of paternity awarding timesharing, child support, and parental responsibility and an order denying rehearing on the same. We have jurisdiction. <u>See</u> Fla. R. App. P. 9.030(b)(1)(A). We affirm the final judgment in all respects, save that aspect awarding 2024 and ongoing child support.

## BACKGROUND

The parties wed in Tampa in 2013, and they now have a six-year-old child in common. When the child was eight months old, the mother moved to Miami. There she twice successfully petitioned the courts for the entry of domestic violence injunctions against the father.

In early 2022, the mother filed a verified petition for paternity. The father answered the petition. Years of litigation culminated in two appointments: (1) a special master to monitor and facilitate discovery; and (2) a general magistrate to render temporary support recommendations.

The special master conducted multiple hearings directed at compelling the father to furnish disclosures and documentation relating to his finances. The inquiry focused primarily on his three businesses, Cosman's Auto Sales, Inc., Auto Group Financial Services, Inc., and Cosman's Realty Management, Inc. The father did not fully comply with discovery demands,

2

and the special master ultimately found that he was uncooperative and intentionally delayed the proceedings over a three-year period. The special master further found that his claims relating to his income were not credible and consequently ordered him to pay all expenses arising out of the discovery proceedings.

The general magistrate similarly noted contradictions in the father's testimony. One example was that he disavowed any ownership interest in Cosman's Auto Sales, yet he simultaneously listed the corporation's debt as his personal debt on one financial affidavit. But because the mother failed to provide any concrete proof of income due to the lack of documentation, the general magistrate was "relegated to using the parties' net incomes from their financial affidavits at th[at] point to determine temporary child support." The magistrate also ordered the father to advance the mother funds for a forensic accountant.

The parties eventually proceeded to a nonjury trial. By that time, the father had filed six financial affidavits. The first stated he was self-employed, the next two attested he was the office manager at Cosman's Realty Management, and the final three claimed he was an Uber driver.

At trial, the mother and her forensic accountant both testified that the father's three businesses produced a far greater revenue stream than that

3

reflected in the financial affidavits. The forensic accountant opined that the father had gross earnings of at least $141,000 for 2021 and $205,000 in 2023. He arrived at his opinion by projecting rental income and other business-related income, as derived from average revenue and account deposits.

The father did not present a forensic expert. He instead claimed he was employed as an Uber driver and that Cosman's Auto Sales was titled in his name only because it was originally formed to procure his brother legal status through the EB-5 Visa Program. Once his brother's visa expired, he contended, he retitled the company in his name as a mere formality.

The trial court issued a carefully reasoned order, discrediting the father's testimony. The court found that the father lied about his Uber employment in order to conceal his actual earnings and imputed income for the years 2021 and 2023. For 2022, the court deferred to the general magistrate's findings. But in awarding 2024 and ongoing support, the trial court relied upon the father's purported Uber earnings, as verified in his most recent financial affidavit, along with personal deposits. The court did not consider business income. A timely motion for rehearing proved unsuccessful. This appeal ensued.

4

## STANDARD OF REVIEW

We review a trial court's order imputing income and determining child support for an abuse of discretion. See Pena v. Rodriguez, 273 So. 3d 237, 239 (Fla. 3d DCA 2019) (citing Smith v. Smith, 872 So. 2d 397, 398 (Fla. 1st DCA 2004)). Consistent with this standard, we must examine whether competent, substantial evidence supports the ruling. See id. at 239–40 (citing Richardson v. Richardson, 442 So. 2d 1005, 1005 (Fla. 3d DCA 1983)).

## LEGAL ANALYSIS

In determining monthly income for each parent, section 61.30(2), Florida Statutes (2025), requires the trial court to consider business income. See § 61.30(2)(a)(3), Fla. Stat. The statute further authorizes the imputation of income based upon specific factual findings. See id. § 61.30(2)(b). Indeed, "a court must impute income to an unemployed or underemployed parent 'if such unemployment or underemployment is found by the court to be voluntary on that parent's part, absent a finding of fact by the court of physical or mental incapacity or other circumstances over which the parent has no control.'" A.A. v. M.A., 396 So. 3d 842, 843 (Fla. 2d DCA 2024) (quoting § 61.30(2)(b), Fla. Stat.).

Florida courts have long recognized that self-employed spouses, unlike salaried employees, have significant control over their income.  See Ugarte v. Ugarte, 608 So. 2d 838, 840 (Fla. 3d DCA 1992).  "Their testimony, tax returns, and business records accordingly may not reflect their true earnings, earning capability, and net worth."  Id.

This principle applies with even more force when a spouse fails to comply with discovery orders or withholds relevant financial information.  See Nadrich v. Nadrich, 936 So. 2d 15, 18 (Fla. 4th DCA 2006) ("Under the circumstances and in light of the husband's failure to comply with many discovery orders to disclose his financial information, the court had no choice but to impute some amount of income to the husband beyond what his pay stubs showed."); Martinez v. Martinez, 995 So. 2d 1091, 1095 (Fla. 3d DCA 2008) ("There is no competent and substantial evidence to support the trial court's determination of child support.  The record reflects that the husband neither cooperated with the court in the court's attempt to determine his true income nor did the husband introduce evidence that would lead to an accurate computation of his income level.").

"[T]he Florida Supreme Court and other district courts have suggested that a presumption arises from a spouse[']s historical earnings that supports a finding the spouse can continue to earn the same amount, absent evidence

6

to the contrary." <u>Ghay v. Ghay</u>, 954 So. 2d 1186, 1190 (Fla. 2d DCA 2007); <u>see</u> <u>Waldera v. Waldera</u>, 306 So. 3d 1037, 1041 (Fla. 3d DCA 2020) ("[W]e simply hold that, since the former husband's historical annual income gave rise to the presumption that he could continue to earn an amount higher than what was ultimately determined by the court, and no explanation or competent, substantial evidence sufficiently rebutted that inference, the trial court necessarily abused its discretion in making a contrary finding.").

Here, the trial court expressly rejected the father's testimony as to his Uber employment and instead relied on the forensic expert's testimony in computing support for 2021 and 2023. <u>See</u> <u>Moquin v. Bergeron</u>, 338 So. 3d 918, 927 (Fla. 4th DCA 2022) (forensic accountant's testimony may rise to the level of competent, substantial evidence). But in calculating 2024 and ongoing support, the trial court incongruously relied on the same Uber earnings it previously rejected and further restricted its consideration to personal deposits, as opposed to the holistic indicia of business revenue. Because we cannot reconcile these findings, we are constrained to reverse, in part, and remand for the trial court to recalculate 2024 and ongoing support.

Affirmed in part; reversed in part; remanded.